IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
CIVIL DIVISION

RECEIVED
2007 JAN 16 A 11: 35

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

WILLIAM S. MCLAURINE, II )
plaintiff, pro se )
)
v. )
)
Mid South Restaurants Inc. )
defendant )
Internal Revenue Service )
defendant )
)
)

3:07CV49-mht

## MOTION FOR EMERGENCY INJUNCTIVE RELIEF

I.   Plaintiff's address and Phone number: WILLIAM S. MCLAURINE, II.
222 Tichenor Avenue #4, Auburn, Alabama  36830.  Cell Phone: (334) 524-2175.

II.   Name and Address of Defendants:  Mid South Restaurants Inc., has informed the Plaintiff of the "official" address of Mid SouthRestaurants, Inc. as 300 W. Wieuca, Buildding #1, Suite 200, Atlanta, GA.  Mid South Restaurants, Inc. conducts business at other locations and the Plaintiff is employed at the facilitiy located at 346 West Magnolia, Auburn, Alabama, 36832.
   The Internal Revenue Service has provided multiple addresses for repsponse.  Thear are as Follows:  The Internal Revenue Service, Kansas City, MO  64999; The Internal Revenue Service, P.O. Box 219236, Kansas City, MO  64121-9326;  The following address was not provide within correpsondence on this matter: The Internal Revenue Service, 1285 Carmichael Way, Montgomery, AL  36106.

III.   The Plaintiff has attached a BRIEF AND AFFIDAVIT in support of this MOTION. A summary of violations is listed below in this secton III.  More detail is avialiable on the procedural violations committed by both defendandants, in the BRIEF AND AFFIDAVIT.  The Plaintiff presents the statements of fact and/or law as follow in this MOTION and in the BRIEF AND AFFIDAVIT as GROUNDS for this MOTION.

[A]   The Defendants are proceding with actions to dispose of funds belonging to the Plaintiff and administered by the Mid South Restaurants, Inc. in a manner that violates the law and due process rights of the Plaintiff.

[B]   The Internal Revenue Service and/or its agents are attempting to proceed with a levy action(s) without jurisdiction.

[C]   The Internal Revenue Service is attempting to proceed with collection proceedings, and/or levy proceeding(s) that have procedural errors.

[D]   Mid South Restaurants, Inc. has a duty to faithfully distribute funds from wages of the plaintiff, to the plaintiff, or a to designate who is lawfully allowed to claim such funds. Mid South Restaurants, Inc. has not performed its due diligence, duty and/or fiduciary responsibility to the requirement of law and equity.

IV.   The Plaintiff MOVES this court issue the proper ORDER(S) against the Plaintiff(s) and/or the the agents of the Plaintiffs as specified below or required to effectuate the request below. The Plaintiff request attention to the suspension of any garnishment proceeding as an outrageous burden which requires immediate relief. Greater detail on matters of law and/or fact of this section (Section IV) can be found in the BRIEF AND AFFIDAVIT.

[1]   Mid South Restaurants, Inc. should be required to immediately STAY and/or stop diverting funds from the plaintiff's wages that purport to be directed to the Internal Revenue Service's attempt to collect funds based on a levy or notice of levy.

2]   Mid SouthRestaurants, Inc. should be required, in a reasonable but rapid timeframe as determined by this court after an order for this purpose is issued by this court, to pay any and all funds removed from wages for the purposes of the collection and/or attempted collection on behalf of a debt claim and/or levy by the Internal Revenue Service and/or its agents.

[3]   Mid South Restaurants, Inc. should be required to Validate in this court and to the Plaintiff any legal basis of garnishment of wages in collection of an Internal Revenue Service levy and/or notice of levy, or other collection proceeding by the Internal Revenue Service and/or agents of the Internal Revenue Service, before being allowed to distribute such garnishment and/or distribution in furtherance of a debt claimed by the Internal Revenue Service or its agents, in any manner other than to the Plaintiff directly, or by mail to the Plaintiff, or by method of direct deposit into an account controlled by the Plaintiff.

[4]   The Internal Revenue Service should be required to STAY and/or Stop all actions associated with collection(s) and/or levy(s) actions and/or notice(s) of levy actionas that are directed at the Plaintiff, or the property or funds of the Plaintiff, or at any employer of the Plaintiff with regard to the Plaintiff, or any other fiduciary agent of the plaintiff with reqard to the Plaintiff immediatley. Such a STAY or Stoppage should continue until such time as the Internal Revenue Service or its agents can validly address to the Plaintiff and this Court, the following procedural mistakes in collection and/or levy process(es) have been performed without error. This request should not be construed as a request to allow the suspension of deadlines as required by law for assesment and/or collection procedures by the Internal Revenue Service or any other actor proceeding with the collection of a tax or debt against the Plaintiff.
   (a)   Failure to properly confirm and/or serve notice to Mid South Restaurants, Inc. on the nature of claim of a debt and the legal requirements of Mid South Restaurants, Inc. to respond.
   (b)   Failure to serve proper notice on the Plaintiff within 5 days of the levy action.
   (c)   Failure to serve Plaintiff with proper notice of intent to levy or OMB claim.
   (d)   Intimidation and/or false statements with respect to binding aribitrations.
   (e)   Failure to provide evidence of assesment.
   (f)   Failure to asses taxes and/or penalties in a proper a time.

[5]   The Internal Revenue Service its agents and intstruments should be directed to serve

the following information to the Plaintiff and this court within 120 days of an order confirming the requirement of this action. Such time to respond should be shortened to a lesser time if such request of information is mandated to occur in a lesser time by law(s), the descretion of this court, rule(s) and/or regulation(s). Failure to respond in an appropriate time should not be validated by this order if such law(s), rule(s) or regulation(s) shorter than the required time of response apply. Such time to respond should only be lengthened by an appropriate request of this court if a binding law, rule or regulations allows such a delay and is implemented properly.

 (a) List of all assesments of tax and/or penalties applied to the Plaintiff, at any time, to the currrent date by the Secretary or a lawful delegate of the Secretary.

 (c) A copy of all assesments of tax and/or penalty made, which is to include the signature(s) and/or other device(s) used ensure that the authority to issue such assessment exists and is incompliance with proper procedure and law.

 (d) A Legible list of all individuals who made an assesments of any tax and/or penalty made against the Plaintiff, and citations to demonstrate the authority to make such assessment at the time of the assesment on behalf of the Secretary. Such citations are to include any "delegations of authority" and the mechanism used to implement or justify such a "delegations of authority." The list should include the name of the secretary at the time of each assesment.

 (d) A copy of all levies and/or all other collection actions pending upon the Plaintiff and on behalf of the Secretary.

 (e) A copy of any legally binding document, or instead of a copy of a specific document, a citation to a legally binding, publicly available source documenting the "delegation of authority" to anyone but the Secretary for the authority to issue a levy and/or make an assesments or a collection as has been claimed in this matter by the defendant(s).

 (f) A Legible list of Names and copy(s) of the required signatures of all supervisors of levy actions.

I declare under penalty of perjury that the above information is true and correct.

DATE: 1-13-07

William S. McLaurine, II
222 Tichenor Avenue #4
Auburn, Alabama 36830
(334) 524-2175