IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
CIVIL DIVISION

RECEIVED
2007 JAN 16 A 11: 36
DEBRA P. HACKETT, CL
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

WILLIAM S. MCLAURINE, II )
   plaintiff, pro se )
 )
v. )      3:07 CV 49-mht
 )
Mid South Restaurants Inc. )
   defendant )
Internal Revenue Service )
   defendant )
 )
 )

## BRIEF AND AFFIVDAVIT

This document is a BRIEF AND AFFIVDAVIT in support of the MOTION FOR EMERGENCY INJUNCTIVE RELIEF.

I.    Plaintiff's address and Phone number: WILLIAM S. MCLAURINE, II. 222 Tichenor Avenue #4, Auburn, Alabama 36830. Cell Phone: (334) 524-2175.

II.    Name and Address of Defendants: Mid South Restaurants Inc., has informed the Plaintiff of the "official" address of Mid SouthRestaurants, Inc. as 300 W. Wieuca, Buildding #1, Suite 200, Atlanta, GA. Mid South Restaurants, Inc. conducts business at other locations and the Plaintiff is employed at the facilitiy located at 346 West Magnolia, Auburn, Alabama, 36832.
    The Internal Revenue Service has provided multiple addresses for repsponse. They ar are as Follows: The Internal Revenue Service, Kansas City, MO 64999; The Internal Revenue Service, P.O. Box 219236, Kansas City, MO 64121-9326; The following address was not provide within correpsondence on this matter but was discovered on the internet by the Plaintiff: The Internal Revenue Service, 1285 Carmichael Way, Montgomery, AL 36106.

III.    The Plaintiff has attached an AFFIDAVIT in support of this BRIEF. The Plaintiff request this court consider each aspect of the arguments in this BRIEF seperately, collectively, and with regard to how the facts and arguments validly interact to form a clear need for relief.

[A]    The Defendants are proceding with actions to dispose of funds belonging to the Plaintiff and administered by the Mid South Restaurants, Inc. in a manner that violates the law and due process rights of the Plaintiff.

[B]    The Internal Revenue Service and/or its agents are attempting to proceed with a levy action(s) without jurisdiction.

[i]    The Only Authority the Plaintiff is aware of that allows a notice of levy action by the Internal Revenue Service is from Title 26 §6331 (a). Irregardless of procedural errors listed

elsewher in this BRIEF and the in the AFFIVDAVIT, the statute only autorizes the Secretary to serve a notice of levy on an employer is if the subject of the levy is an instrument of the United States Government serving in an official capicity.  To quote
> "Levy may be made upon the accrued wages of any officer, employee, or elected official, of he United States, the District of Columbia, by serving a notice of levy on the employer..."

A clear distinction is made for the case describe in the previous quote.  A notice of levy is only specifically authorized by statute to be served on the employer of the subject of a levy if the subject of the levy is one of the following:  an officer of the United States, an officer of the District of Columbia,  an officer of an agency of the United States, an officer of an instrumentality of the United States, an officer of an an agency of the District of Columbia, an officer of an instrumentality of the District of Columbia, an employee of the United States, an employee of the District of Columbia,  an employee of an agency of the United States, an employee of an instrumentality of the United States, an employee of an an agency of the District of Columbia, an employee of an instrumentality of the District of Columbia, an elected official of the United States, an elected official of the District of Columbia,  an elected official of an agency of the United States, an elected official of an instrumentality of the United States, an elected official of an an agency of the District of Columbia, or an elected official of an instrumentality of the District of Columbia.

There are 18 possiblle combinations in the previous paragraph.  The Plaintiff is not one those 18 possible combinations.  The Plaintiff cautions over reading of the term "employee of the United States."  The term employer from Title 26 §3401(d) is referenced specifically in Title 26 §6331 (a) to indicate that the for the purpose of this section of the code the "United States" is the "employer" from whom the subject of any levy must be paid by.  The Plaintiff is not paid by the United States, so is not an "employee of the United States."

Without a clear specic law requiring action or response on the part of the plaintiff and/or the fidicuary of the Plaintiff, i.e. Mid South Restaurants, Inc. there is no compelling reason to respond, because of a lack of Office of Management and Budget identification numbers.

[C]    The Internal Revenue Service is attempting to proceed with collection proceedings, and/or levy proceeding(s) that have procedural errors.

[i]    No document presented to Plaintiff by either the Internal Revenue service has legally binding signatures, or names of authorized agents with notice of authority, or any other mechanism to determine authenticity,  Such action is a violation of due process clause of the consitution.

[ii]    No document presented to Plaintiff by either the Internal Revenue service has legally binding signatures, or names of authorized agents with notice of authority, or any other mechanism to determine authenticity,  Such vagueness makes the any requirement of response to notices void for vagueness.

[D]    Mid South Restaurants, Inc. has a duty to faithfully distribute funds from wages of the plaintiff, to the plaintiff, or a to designate who is lawfully allowed to claim such funds.  Mid South Restaurants, Inc. has not performed its due diligence, duty and/or fiduciary responsibility to the requirement of law and equity.

IV. The Plaintiff MOVES this court issue the proper ORDER(S) against the Plaintiff(s) and/or the the agents of the Plaintiffs as specified below or required to effectuate the request below. The Plaintiff request attention to the suspension of any garnishment proceeding as an outrageous burden which requires immediate relief. Greater detail on matters of law and/or fact of this section (Section IV) can be found in the BRIEF and the AFFIDAVIT.

[1] Mid South Restaurants, Inc. should be required to immediately STAY and/or stop diverting funds from the plaintiff's wages that purport to be directed to the Internal Revenue Service's attempt to collect funds based on a levy or notice of levy.

[i] The Code of Alabama §6-10-7 specificies that no more than 25% of a person's wages may be garnished for any reason. Without a specific Federal law exempting Mid South Restaurants, Inc. and/or the Internal Revenue Service from such a provision, they are obligated to prove that they are relieved of such a requirement.
The orders and duties of the Internal Revenue Service are not binding by law until enforced by a court of competent jurisdition. There is no authority for either plaintiff to conduct themselves in this way.
[ii] The Plaintiff cannot be expect to be bound to any decision of property without due process before a court of competent jurisdiction and/or without access to counsel to prepare a response to the demands and/or claims on behalf of the government or any other entity. The Plaintiff is without the ability to afford effective counsel and has counsel has not been offered.
[iii] Such action is an unreasonable search and/or seizure under the fourth amendment to the constitution of the United States. The garnishment proceeding were made on the premise that funds from wages would be constant and consistent for an extended period of time. There are no exegant circumstances to warrant a seizure without warrant or other court order.
[iv] In addition to the reasons listed elsewhere the Internal Revenue Service has not provided a "local address" in there correspondence as required by §6304.

[2] Mid SouthRestaurants, Inc. should be required, in a reasonable but rapid timeframe as determined by this court after an order for this purpose is issued by this court, to pay any and all funds removed from wages for the purposes of the collection and/or attempted collection on behalf of a debt claim and/or levy by the Internal Revenue Service and/or its agents.

[i] For all of the reasons describe in Section IV [1] and Section IV [4]of this Brief and their subsections, such a collection is without merit and/or unwarranted and/or without proper procedural content. The Plaintiff request renumeration of funds as a matter of Right.

[3] Mid South Restaurants, Inc. should be required to Validate in this court and to the Plaintiff any legal basis of garnishment of wages in collection of an Internal Revenue Service levy and/or notice of levy, or other collection proceeding by the Internal Revenue Service and/or agents of the Internal Revenue Service, before being allowed to distribute such garnishment and/or distribution in furtherance of a debt claimed by the Internal Revenue Service or its agents, in any manner other than to the Plainiff directly, or by mail to the Plaintiff, or by method of direct deposit into an account controlled by the Plaintiff.

[i] For all of the reasons describe in Section IV [1] of this Brief and its subsections, such a collection is without merit and/or unwarranted and/or without proper procedural content. Until such time as the defendants are able to establish validity of their actions, The Plaintiff request access to wages as a matter of Right.

[4]     The Internal Revenue Service should be required to STAY and/or Stop all actions associated with collection(s) and/or levy(s) actions and/or notice(s) of levy actionas that are directed at the Plaintiff, or the property or funds of the Plaintiff, or at any employer of the Plaintiff with regard to the Plaintiff, or any other fiduciary agent of the plaintiff with reqard to the Plaintiff immediatley. Such a STAY or Stoppage should continue until such time as the Internal Revenue Service or its agents can validly address to the Plaintiff and this Court, the following procedural mistakes in collection and/or levy process(es) have been performed without error.  This request should not be construed as a request to allow the suspension of deadlines as required by law for assesment and/or collection procedures by the Internal Revenue Service or any other actor proceeding with the collection of a tax or debt against the Plaintiff.

[i]     In addition to the reasons listed elsewhere the Internal Revenue Service has not provided a "local address" in there correspondence as required by §6304.

    (a)     Failure to properly confirm and/or serve notice to Mid South Restaurants, Inc. on the nature of claim of a debt and the legal requirements of Mid South Restaurants, Inc. to respond.

[i]     Due process of service is required.  Such proccess should include the proper signatures on documents and all information necessary to determine authority to act.

    (b)     Failure to serve proper notice on the Plaintiff within 5 days of the levy action.

[i]     This is a procedural requirement that was not performed.   Service of a Notice of levy on the employer of the plaintiff was not proper until service was completed.  No justification was provided.

    (c)     Failure to serve Plaintiff with proper notice of levy or intent to levy or OMB claim.

[i]     The Plaintiff has not been served with a levy or any documenting inidicating a levy has been  made.

[ii]    The Plaintiff has detailed that no service to the Plaintiff has contained the proper signature or other devices to determine the authenticity of the action under law.  Such deficiency is a fatal procedural error.

[iii]   As noted in Section IV [1] of this BRIEF there is no specific statute allowing for the levy on the employer of the Plaintiff and No Office of Management and budget exists on the documents presented to the Plaintiff.

    (d)     Intimidation and/or false statements with respect to binding aribitrations.

[i]     Statement provided in correspondence from the Internal Revenue Service indicated that failure to submit to an administrative review would eliminate a judicial review.  There was also with a clause insinuating that submitting a request would bind the Plaintiff to the decision of the Administrative review.

    (e)     Failure to provide evidence of assesment.

[i]     The Plaintiff has never been served properly served with any notice of assesment.

[ii]    The Plaintiff has never been served properly a "Notice and Demand" to pay a tax, and hence cannot owe a tax.  Title 26 §6155 and §6303.

    (f)     Failure to asses taxes and/or penalties in a proper a time.

[i]     The Plaintiff contends that the proper authorities have not assess any tax in a proper fasion with the time limits necessary to collect any debt that the Plaintiff might owe.  Any collection listed for the dates in the correspondence of this attemped collection is without merit under the law. Title 26 §6501(a).

[5]     The Internal Revenue Service its agents and intstruments should be directed to serve

the following information to the Plaintiff and this court within 120 days of an order confirming the requirement of this action. Such time to respond should be shortened to a lesser time if such request of information is mandated to occur in a lesser time by law(s), the descretion of this court, rule(s) and/or regulation(s). Failure to respond in an appropriate time should not be validated by this order if such law(s), rule(s) or regulation(s) shorter than the required time of response apply. Such time to respond should only be lengthened by an appropriate request of this court if a binding law, rule or regulations allows such a delay and is implemented properly.

[i]    All such request are made under due processs, the freedome of information act, and right to informed of any claims made against the plainiff on this matter by all applicable prinicples of regulations, law and/or equity.

(a)    List of all assesments of tax and/or penalties applied to the Plaintiff, at any time, to the currrent date by the Secretary or a lawful delegate of the Secretary.

(c)    A copy of all assesments of tax and/or penalty made, which is to include the signature(s) and/or other device(s) used ensure that the authority to issue such assessment exists and is incompliance with proper procedure and law.

(d)    A Legible list of all individuals who made an assesments of any tax and/or penalty made against the Plaintiff, and citations to demonstrate the authority to make such assessment at the time of the assesment on behalf of the Secretary. Such citations are to include any "delegations of authority" and the mechanism used to implement or justify such a "delegations of authority." The list should include the name of the secretary at the time of each assesment.

(d)    A copy of all levies and/or all other collection actions pending upon the Plaintiff and on behalf of the Secretary.

(e)    A copy of any legally binding document, or instead of a copy of a specific document, a citation to a legally binding, publicly available source documenting the "delegation of authority" to anyone but the Secretary for the authority to issue a levy and/or make an assesments or a collection as has been claimed in this matter by the defendant(s).

(f)    A Legible list of Names and copy(s) of the required signatures of all supervisors of levy actions.


I declare under penalty of perjury that the above information is true and correct.

DATE: 1-13-07

William S. McLaurine, II
222 Tichenor Avenue #4
Auburn, Alabama 36830
(334) 524-2175

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
CIVIL DIVISION

WILLIAM S. MCLAURINE, II )
   plaintiff, pro se )
  )
   v. )
  )
Mid South Restaurants Inc. )
   defendant )
Internal Revenue Service )
   defendant )
  )
  )

## NOTICE OF SERVICE

I have served the following devices:

MOTION FOR EMERGENCY INJUNCTIVE RELIEF

BRIEF AND AFFIVDAVIT

by certified mail upon:

Mid South Restaurants Inc.
300 W. Wieuca Rd NE, Buildding #1, Suite 200,
Atlanta, GA  30342

The Internal Revenue Service
Kansas City, MO  64999


I declare under penalty of perjury that the above information is true and correct.

DATE: 1-13-07

William S. McLaurine, II
222 Tichenor Avenue #4
Auburn, Alabama 36830
(334) 524-2175