**UNITED STATES DISTRICT COURT**

MIDDLE DISTRICT OF ALABAMA
OFFICE OF THE CLERK
POST OFFICE BOX 711
MONTGOMERY, ALABAMA 36101-0711

DEBRA P. HACKETT, CLERK

TELEPHONE (334) 954-3600

# NOTICE OF CORRECTION

From:   Clerk's Office

Case Style:   McLaurine v. Mid South Restaurants, Inc. et al

Case Number:   3:07-cv-00049-MHT

Referenced Pleading:   Motion to Dismiss - Doc. 15

This Notice of Correction was filed in the referenced case this date to correct the PDF documents attached to this notice.  Please see the correct PDF documents to this notice.

ORIGINAL

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA

RECEIVED
2007 FEB 21 A 10: 41

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| WILLIAM S. MCLAURINE, II,<br><br>Plaintiff,<br><br>v.<br><br>MID SOUTH RESTAURANTS, INC., et al.<br><br>Defendants. | Civil Action No. 3:07-cv-00049 MHT |

## DEFENDANT MID SOUTH RESTAURANTS, INC.'S
## MOTION TO DISMISS

Defendant, Mid South Restaurants, Inc. ("Mid South"), moves to dismiss this action because Mid South has complete immunity pursuant to 26 U.S.C. § 6332(e) and because Plaintiff has an adequate remedy at law from the Internal Revenue Service. In addition, Mid South denies all allegations that it has acted improperly and avers that Plaintiff is not entitled to any relief whatsoever from Mid South. In support of this Motion, Mid South provides the accompanying Declaration of Joanne Corazalla and the Defendant Mid South Restaurants, Inc.'s Brief in Support of Its Motion to Dismiss and Response to Plaintiff's Motion for Injunctive Relief.

Respectfully submitted,

/s/ James L. Hughes
James L. Hughes
Georgia Bar No. 375950

WIMBERLY, LAWSON, STECKEL, WEATHERSBY & SCHNEIDER, P.C.
3400 Peachtree Road, Suite 400
Atlanta, Georgia 30326
(404) 365-0900
(404) 261-3707 (facsimile)

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| WILLIAM S. MCLAURINE, II, <br><br> Plaintiff, <br><br> v. <br><br> MID SOUTH RESTAURANTS, INC., et al. <br><br> Defendants. | Civil Action No. 3:07-cv-00049 MHT |

## CERTIFICATE OF SERVICE

I certify that a true, correct and complete copy of the foregoing **DEFENDANT MID SOUTH RESTAURANTS, INC.'S MOTION TO DISMISS** was deposited in the United States mail with adequate first class postage affixed and addressed to William S McLaurine, II, 222 Tichenor Avenue, Apt No. 4, Auburn, AL 36830 on February 20, 2007.

_____
James L. Hughes

ORIGINAL

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| WILLIAM S. MCLAURINE, II,<br><br>   Plaintiff,<br><br>v.<br><br>MID SOUTH RESTAURANTS, INC., et al.<br><br>   Defendants. | Civil Action No. 3:07-cv-00049 MHT |

### DECLARATION OF JOANNE CORAZALLA

1. My name is Joanne Corazalla and I serve as Personnel Coordinator to Mid South Restaurants, Inc. ("Mid South").

2. The United States Internal Revenue Service ("IRS") issued a Notice of Levy on Wages, Salary and Other Income dated December 7, 2006 to Mid South ("Notice"), a copy of which is attached as Exhibit 1 to this Declaration. The Notice indicates that Plaintiff failed to pay income taxes and civil penalties that Plaintiff owes to the United States. By its terms, the Notice required Mid South to pay to the IRS Plaintiff's wages and salary that had been earned but not yet paid, as well as wages and salary earned in the future until the levy is released. Acting in accordance with the Notice, Mid South has withheld the required amounts from Plaintiff's wages and has paid those amounts to the IRS. A schedule of the amounts withheld and paid to the IRS in accordance with the Notice is attached as Exhibit 2 to this Declaration.

3. The Plaintiff's address and cell phone number are 222 Tichenor Avenue #4, Auburn, Alabama 36830 and 334 524-2175.

4. The principal business address for the headquarters of Mid South is 300 W. Wieuca Road, Building #1, Suite 200, Atlanta, Georgia 30342. Mid South conducts business at

multiple locations and Mid South employs Plaintiff at the facility located at 346 West Magnolia, Auburn, Alabama, 36832.

5. Mid South denies that it is disposing of Plaintiff's wages in a manner that violates law and the due process rights of Plaintiff.

6. Mid South does not know whether the IRS and/or its agents are attempting to proceed with a levy without jurisdiction.

7. Mid South does not know whether Plaintiff is aware of applicable law regarding levy actions by the IRS.

8. Mid South denies that an IRS wage levy may be made only upon the accrued wages of any officer, employee, or elected official, of the United States or its agencies or instrumentalities, or of the District of Columbia or its agencies or instrumentalities.

9. Mid South does not know whether Plaintiff receives any payments from the United States.

10. Mid South denies that it has any fiduciary relationship with Plaintiff.

11. Mid South does not know whether there were and/or are procedural errors in the IRS collection efforts and levy action.

12. Mid South does not know what documents were presented to Plaintiff by the IRS and does not know whether any signatures on the documents were authentic or whether the documents referenced those persons authorized to act on behalf of the IRS.

13. Mid South admits that it has a duty to distribute Plaintiff's wages in accordance with applicable law and denies that it has violated that duty in any respect.

14. Mid South denies that it should be required to stop diverting funds from Plaintiff's wages to satisfy the Notice and asserts that it has a federal statutory duty to comply with the Notice.

15. Mid South asserts that Code of Alabama § 6-10-7 is preempted by Federal law and, even if not preempted by Federal law, does not apply by its terms to this situation.

16. Mid South denies that it has any legal obligation to prove that it is relieved of any requirement of Code of Alabama § 6-10-7.

17. Mid South denies that the orders and duties of the IRS are not binding by law until enforced by a court of competent jurisdiction.

18. Mid South agrees that Plaintiff should not conduct himself in this manner and that Plaintiff has no facts or legal authority to support his position.

19. Mid South does not know what Plaintiff expects.

20. Mid South does not know whether Plaintiff can afford counsel.

21. Mid South denies that it has taken any action that violates Plaintiff's constitutional or other rights.

22. Mid South denies that 26 USC § 6304 requires the IRS to provide a "local address" in IRS correspondence.

23. Mid South denies that it should be required to pay to Plaintiff any and all funds removed from Plaintiff's wages for the purposes of complying with the Notice. Mid South asserts that it is immune from liability for all amounts withheld and paid in accordance with the terms of the Notice.

24. Mid South denies any and all allegations of Plaintiff that Mid South has not expressly admitted and Mid South denies that Plaintiff is entitled to any relief whatsoever.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on February 14, 2007.

                                                              */s/ Joanne Corazalla*
                                                              Joanne Corazalla

# Exhibit 1

| Form 668-W(c) (Rev. January 2001) | Department of the Treasury – Internal Revenue Service |
|---|---|
| | **Notice of Levy on Wages, Salary, and Other Income** |

DATE: 12/07/2006

IRS ADDRESS:
ACS SUPPORT - STOP 5050
PO BOX 219236
KANSAS CITY, MO 64121-9236

TELEPHONE NUMBER OF IRS OFFICE:
TOLL FREE  1-800-829-7650
WI

SEQNUM 00220

TO: P                                       DPC05

MID-SOUTH RESTAURANTS INC
300 W WIEUCA RD BLDG 1 STE 200
ATLANTA  GA    30342

0028

NAME AND ADDRESS OF TAXPAYER:

WILLIAM S MCLAURINE
AUBURN AL 

IDENTIFYING NUMBER(S):
MCLA  M  01

| Kind of Tax | Tax Period Ended | Unpaid Balance of Assessment | Statutory Additions | Total |
|---|---|---|---|---|
| 1040A | 12-31-2002 | $ 5,164.32 | $ 1,457.06 | $ 6,621.38 |
| CIVPEN | 12-31-2001 | $   516.00 | $   109.24 | $   625.24 |
| CIVPEN | 12-31-2002 | $   500.00 | $   103.92 | $   603.92 |

Total Amount Due ▶  $ 7,850.54

We figured the interest and late payment penalty to ___01-04-2007___.

**THIS ISN'T A BILL FOR TAXES YOU OWE. THIS IS A NOTICE OF LEVY WE ARE USING TO COLLECT MONEY OWED BY THE TAXPAYER NAMED ABOVE.**

The Internal Revenue Code provides that there is a lien for the amount that is owed. Although we have given the notice and demand required by the Code, the amount hasn't been paid. This levy requires you to turn over to us: (1) this taxpayer's wages and salary that have been earned but not paid yet, as well as wages and salary earned in the future until this levy is released, and (2) this taxpayer's other income that you have now or for which you are obligated.

We levy these monies to the extent they aren't exempt, as shown on the instructions. Don't offset money this person owes you without contacting us at the telephone number shown above for instructions.

If you don't owe money to this taxpayer, please complete the back of part 3. Attach part 3 as a cover to the rest of this form. Return all of the parts to IRS in the enclosed envelope.

If you do owe money to this taxpayer, please see the back of this page for instructions on how to act on this notice.

Signature of Service Representative

Title: **Operations Manager, Collection**

## IF MONEY IS DUE THIS TAXPAYER

Give the taxpayer Parts 2, 3, 4, and 5, as soon as you receive this levy. Part of the taxpayer's wages, salary or other income is exempt from levy. To claim exemptions, the taxpayer must complete and sign the Statement of Exemptions and Filing Status on Parts 3, 4, and 5 and return Parts 3 and 4 to you within 3 work days after you receive this levy. The taxpayer's instructions for completing the Statement of Exemptions and Filing Status are on the back of Part 5.

Send us the taxpayer's take home pay minus the exempt amount which is described below, on the same dates that payments are made, or are due, to the taxpayer. Unless we tell you that a deduction should not be allowed, allow the taxpayer's payroll deductions which were in effect when you received this levy in determining the take home pay. Do not allow the taxpayer to take new voluntary payroll deductions while this levy is in effect. The method of payment to the taxpayer, for example, direct deposit, has no bearing on take home pay. Direct deposit is not considered a payroll deduction.

When you send us your check, complete the back of Part 3 of this form, attach it to the check, and mail them to us in the enclosed envelope. Make your check payable to the United States Treasury. Please write on the check (not on a detachable stub) the taxpayer's name, identifying number(s), kind of tax, and tax periods shown on Part 1, and the words "LEVY PROCEEDS."

This levy remains in effect for all wages and salary for personal services until we send you a release of levy. Wages and salary include fees, commissions, and bonuses. If more than one payment is necessary to satisfy the levy, send additional payments to the Internal Revenue Service address shown on your copy of this levy, and make out your check as described above.

This levy remains in effect for benefit and retirement income if the taxpayer has a current fixed right to future payments, until we send you a release of levy.

For income other than wages and salary, and benefit and retirement income as described above, this levy is effective only for funds you owe the taxpayer now. We may issue another levy if necessary. However, this levy attaches to all obligations you owe the taxpayer at the time the you receive it, even though you plan to make the payment at a later date.

## INSTRUCTIONS FOR FIGURING THE AMOUNT EXEMPT FROM THIS LEVY

There are three steps in figuring the amount exempt from this levy.

1. When you receive the completed Parts 3 and 4 from the taxpayer, use item 1 of the enclosed table (Publication 1494) to figure how much wages, salary, or other income is exempt from this levy. Find the correct block on the table using the taxpayer's filing status, number of personal exemptions claimed, and pay period. Be sure you allow one exemption for the taxpayer, in addition to one for each person listed on Parts 3 and 4, unless, "I can't claim myself as an exemption," is written next to the taxpayer's signature. If no Social Security Number is provided for a personal exemption, do not allow that exemption, unless "Less than six months old" is written in the space for that person's Social Security Number. If you don't receive the completed Parts 3 and 4, then the exempt amount is what would be exempt if the taxpayer had returned them indicating married filing separate and only the taxpayer is claimed as a personal exemption. Don't use the information on the taxpayer's Form W-4, Employee's Withholding Allowance Certificate, to determine the amount that is exempt from this levy. That information can be different from what is filed on the employee's individual income tax return.

2. If the taxpayer, or the taxpayer's spouse, is at least 65 years old and/or blind, an additional amount is exempt from this levy. To claim this, the taxpayer counts one for each of the following: (a) the taxpayer is 65 or older, (b) the taxpayer is blind, (c) the taxpayer's spouse is 65 or older, and (d) the taxpayer's spouse is blind. Then, this total (up to 4) is entered next to "ADDITIONAL STANDARD DEDUCTION" on the Statement of Exemptions and Filing Status. If the taxpayer has entered a number in this space, use Item 2 of the enclosed table to figure the additional amount exempt from this levy.

3. The amount the taxpayer needs to pay support, established by a court or an administrative order, for minor children is also exempt from levy, but the court or administrative order must have been made before the date of this levy. These children can't be claimed as personal exemptions on Parts 3, 4, and 5.

If the taxpayer's exemptions, filing status, or eligibility for additional standard deduction change while this levy is in effect, the taxpayer may give you a new statement to change the amount that is exempt. You can get more forms from an IRS office. If you are sending payments for this levy next year, the amount that is exempt doesn't change merely because the amount that all taxpayers can deduct for exemptions, filing status, and additional standard deductions on individual income tax returns changes for the new year. However, if the taxpayer asks you to recompute the exempt amount in the new year by submitting a new statement of Exemptions and Filing Status, even though there may be no change from the prior statement, you may use the new year's exemption table. This change applies to levies you already have as well as this one. If you are asked to recompute the exempt amount and you don't have the new year's exemption table, you may order one by calling 1-800-829-3676. Ask for Publication 1494. The taxpayer submits the information under penalties of perjury, and it is subject to verification by the Internal Revenue Service.

16748F                                                                      FORM 668-W(c) (Rev.01-2000)

Fax:904-722-1351                Jan 16 2007 14:11           P.02

**IRS** Department of the Treasury
Internal Revenue Service
PO BOX 219236
KANSAS CITY, MO 64121-9236

MID-SOUTH RESTAURANTS INC
300 W WIEUCA RD BLDG 1 STE 200
ATLANTA GA 30342

Return this levy with the enclosed return cover sheet in the envelope provided so our address appears in the window.

---

FOLD HERE   and return with your reply          FOLD HERE   and return with your reply

Automated Collection System

Internal Revenue Service
PO BOX 219236
KANSAS CITY, MO 64121-9236

(Levy 668x Coversheet)(07-2006)

TAXPAYER'S NAME(S) William S McLaurine IDENTIFICATION NUMER(S) ▓▓▓▓▓
(as shown on the front)

MCLA M 01

### SECTION 1. LEVY ACKNOWLEDGEMENT

Signature of person responding  *Joanne Corazalla*
Printed name of person responding  Joanne Corazalla
Your telephone number  ▓▓▓▓▓
Date and time this levy received  12-27-06

### SECTION 2. LEVY RESULTS (Check all applicable boxes.)

☐ Check attached in the amount of $ _____
☒ Additional checks will be sent :
☐ Taxpayer no longer employed here as of _____
_____ approximate amount of each payment
☐ Remarks: _____
$ _____ (weekly, bi-weekly, monthly, etc.)

### SECTION 3. ADDITIONAL INFORMATION - Additional Information
(Please complete this section if this levy does not attach any funds).

Taxpayer's latest address, If different from the one on this levy: ▓▓▓▓▓ Auburn, AL ▓▓▓▓▓

Taxpayer's telephone number: ( 334 ) 524-2125

Name and Address of taxpayer's employer: _____
(if different from addresses).

Other information you believe may help us: _____

### SECTION 4. Levy Processing Information (Please complete this section if this form was not sent to the proper address.)
Please provide us with the proper address and contact phone numbers for processing levies:

Department: Mid-South Restaurants, Inc / Human Resources
Address: ▓▓▓▓▓ Jacksonville, FL ▓▓▓▓▓
Contact Person: Joanne Corazalla
Phone: ▓▓▓▓▓

FORM 668-W(c) (Rev. 07-2005) 16748F

(Rev. January 2001)

## Notice of Levy on Wages, Salary, and Other Income

DATE: 12/07/2006

IRS ADDRESS:
ACS SUPPORT - STOP 5050
PO BOX 219236
KANSAS CITY, MO 64121-9236

TELEPHONE NUMBER OF IRS OFFICE:
TOLL FREE  1-800-829-7650
WI

SEQNUM 00220

TO:   P    DPC05

0028
MID-SOUTH RESTAURANTS INC
300 W WIEUCA RD BLDG 1 STE 200
ATLANTA GA  30342

NAME AND ADDRESS OF TAXPAYER:

WILLIAM S MCLAURINE

AUBURN AL

IDENTIFYING NUMBER(S):
MCLA  M  01

| Kind of Tax | Tax Period Ended | Unpaid Balance of Assessment | Statutory Additions | Total |
|---|---|---|---|---|
| 1040A | 12-31-2002 | $ 5,164.32 | $ 1,457.06 | $ 6,621.38 |
| CIVPEN | 12-31-2001 | $ 516.00 | $ 109.24 | $ 625.24 |
| CIVPEN | 12-31-2002 | $ 500.00 | $ 103.92 | $ 603.92 |

Employer or Other Addressee: Please complete the back of this page.

Total Amount Due ▶   $ 7,850.54

We figured the interest and late payment penalty to  01-04-2007

Statement of Exemptions and Filing Status (to be completed by taxpayer; Instructions are on the back of part 5)
My filing status for my income tax return is (check one):  ☐ Single;  ☐ Married Filing a Joint Return;
☐ Married Filing a Separate Return;  ☐ Head of Household;  or  ☐ Qualifying Widow(er) with dependent child

ADDITIONAL STANDARD DEDUCTION: _____ (enter amount only if you or your spouse is at least 65 and/or blind).

I certify that I can claim the people named below as personal exemptions on my income tax return and that none are claimed on another Notice of Levy. No one I have listed is my minor child to whom (as required by court or administrative order) I make support payments that are already exempt from levy. I understand the information I have provided may be verified by the Internal Revenue Service. Under penalties of perjury, I declare that this statement of exemptions and filing status is true.

| Name (Last, first, middle initial) | Relationship (Husband, wife, son, daughter, etc.) | Social Security Number |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

Taxpayer's signature _____   Date _____

Part 3 - RETURN TO IRS



**AUTOMATIC DATA PROCESSING, INC.**
WAGE GARNISHMENT PROCESSING SERVICE
1400 MONTEFINO AVENUE
DIAMOND BAR, CALIFORNIA 91765-5482

## Disbursement Statement

O1WDSR

Payment Date: 01/08/07
Check Number: 48904633
Page Number: 1



Disbursement Provided for: 15/&WN (404)303-9133
MID-SOUTH RESTAURANTS INC
300 W WIEUCA RD BLDG 1 STE 200
ATLANTA    GA  30342

003547-000000 SDWSM001

MID-SOUTH RESTAURANTS, INC

JACKSONVILLE    FL

Agencies: For wage garnishments, please contact ADP at (800) 305-2735 if you have questions about ADP's disbursement process or if you are able to receive EFT payments.

| Account/Case/File Number | Employee/Obligor SSN | Employee/Obligor Name | Additional Payment Information (Memo 1) / (Memo 2) | Date of Withholding | ER FEIN | Amount Paid |
|---|---|---|---|---|---|---|
| | | MCLAURINE, WILLIAM S | LEVY PROCEEDS WILLIAM S MCLAURINE 1040A & CIVPEN 2001 2002 | 01/05/07 | | 298.91 |

*Partial Payment

**VERIFY DOCUMENT AUTHENTICITY — COLORED AREA MUST CHANGE IN TONE GRADUALLY AND EVENLY FROM DARK**

15/&WN
MID-SOUTH RESTAURANTS INC
300 W WIEUCA RD BLDG 1 STE 200
ATLANTA    GA  30342

PAYMENT DATE: 01/08/07    CHECK NO. 48904633
66-88/1113

Pay to the order of: **UNITED STATES TREASURY**
This amount: ***298 DOLLARS 91 CENTS***    ****298.91

void 6 months after date of issue

JPMORGAN CHASE BANK
SAN ANGELO, TEXAS

William S McLaurine
1040A & CIVPEN 2001 2002
LEVY PROCEEDS

_____
An Authorized representative(s) of ADP

⑆48904633⑆

# Exhibit 2

## William S McLaurine
## YTD Deductions in Compliance with IRS Tax Levy

| Pay Check Date | Amount Remitted to IRS | |
|---|---|---|
| 01/05/07 | $298.91 | |
| 01/19/07 | $299.88 | |
| 02/02/07 | $515.16 | |
| 02/16/07 | $299.88 | deducted, not yet remitted |
| | $1,413.83 | |