ORIGINAL

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| WILLIAM S. MCLAURINE, II,<br><br>　　Plaintiff,<br><br>v.<br><br>MID SOUTH RESTAURANTS, INC., et al.<br><br>　　Defendants. | Civil Action No. 3:07-cv-00049 MHT |

**DEFENDANT MID SOUTH RESTAURANTS, INC.'S
BRIEF IN SUPPORT OF ITS MOTION TO DISMISS AND
RESPONSE TO PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF**

Defendant, Mid South Restaurants, Inc. ("Mid South"), moves to dismiss this action with respect to Mid South because Mid South has complete immunity pursuant to 26 U.S.C. § 6332(e) and because Plaintiff is not entitled to injunctive relief as a matter of law. Mid South also denies all allegations that it has acted improperly and avers that Plaintiff is not entitled to any relief whatsoever.

FACTUAL BACKGROUND

The United States Internal Revenue Service ("IRS") issued a Notice of Levy on Wages, Salary and Other Income dated December 7, 2006 to Mid South ("Notice"), a copy of which is attached as Exhibit 1 to the Declaration of Joanne Corazalla. The Notice indicates that Plaintiff failed to pay income taxes and civil penalties that Plaintiff owes to the United States. By its terms, the Notice required Mid South to pay to the IRS Plaintiff's wages and salary that had been earned but not yet paid, as well as wages and salary earned in the future until the levy is released. Acting in accordance with the Notice, Mid South has withheld the required amounts from Plaintiff's wages and has paid those amounts to the IRS. Plaintiff either expressly or implicitly alleges all of these facts in his motion.

## LEGAL ANALYSIS

I. **Mid South has no obligation or liability to Plaintiff with respect to property surrendered to the IRS pursuant to the Notice.**

Federal law requires the employer to honor the levy:

> Except as otherwise provided in this section, any person in possession of (or obligated with respect to) property or rights to property subject to levy upon which a levy has been made shall, upon demand of the Secretary, surrender such property or rights (or discharge such obligation) to the Secretary, except such part of the property or rights as is, at the time of such demand, subject to an attachment or execution under any judicial process.

26 U.S.C. § 6332(a). In addition, a taxpayer's defenses to levy do not discharge an employer's obligation to honor the levy of wages or salary. *Purk v. U.S.*, 747 F. Supp. 1243 (S.D. Ohio 1989). The taxpayer's challenge to the validity of a levy did not alter the bank's obligation to comply with levy and, thus, the bank could not challenge the validity of the levy on the taxpayer's behalf. *Moore v. General Motors Pension Plans*, 91 F.3d 848 (7th Cir. 1996). Thus, Mid South has no other legal options; it must honor the levy.

Because the employer must honor the levy, Federal law grants complete immunity to the employer who surrenders property or rights to property subject to levy upon demand by the IRS. Federal law provides:

> Any person in possession of (or obligated with respect to) property or rights to property subject to levy upon which a levy has been made who, upon demand by the Secretary, surrenders such property or rights to property . . . shall be discharged from any obligation or liability to the delinquent taxpayer and any other person with respect to such property or rights to property arising from such surrender or payment.

26 U.S.C. § 6332(e). In other words, Mid South is discharged from any obligation or liability to Plaintiff with respect to the wages and salary of Plaintiff that Mid South delivers to the IRS.

Federal case law also supports Mid South's claim of immunity. The Eleventh Circuit ruled that trustees of a union's vacation fund trust were immune from liability for paying funds held in the vacation fund on the taxpayer's behalf to the IRS pursuant to two tax levies under the statute exempting any "person" in possession of property of a taxpayer subject to a tax levy from liability to the taxpayer for surrendering or paying the property to the IRS. *Carman v. Parsons*, 789 F.2d 1532 (11th Cir. 1986). A delinquent taxpayer has no right to sue a third party, who has been served with notice of levy, for surrender of property owed to the delinquent taxpayer; all the delinquent taxpayer is left with are rights enumerated in the Internal Revenue Code. *In re Sigmund London, Inc.*, 139 B.R. 765 (Bkrtcy. E.D.N.Y.1992). A bank, which turned over funds from the taxpayer's account to the IRS pursuant to IRS levy, was immune from the taxpayer's suit even though the bank failed to challenge the validity of the IRS levy. *Moore v. General Motors Pension Plans*, 91 F.3d 848 (7th Cir. 1996). Therefore, Mid South has no liability to Plaintiff when it honors an IRS levy and Plaintiff's only recourse is to exercise the rights in the Internal Revenue Code.

Accordingly, Mid South requests that the Court dismiss Mid South from this action because Plaintiff has failed to present a claim for which relief can be granted given that, as a matter of law, Mid South has immunity from any liability or obligation that might be owed to Plaintiff with respect to honoring the tax levy and because Plaintiff's only recourse is to exercise the rights enumerated in the Internal Revenue Code.

**II.    Plaintiff does not have a right to injunctive relief with respect to Mid South because there is an adequate remedy at law.**

Federal law provides a person with certain rights to obtain relief from an IRS levy. For example, section 6343(a) requires the IRS to release the levy upon all, or part of, the property or

rights to property levied upon and promptly to notify the person upon whom such levy was made (if any) that such levy has been released if certain circumstances exist. 26 U.S.C. § 6343(a)(1). Section 6343(b) authorizes the IRS to return the property levied upon if the IRS determines that the property has been wrongfully levied upon. 26 U.S.C. § 6343(b). Interest is allowed at the overpayment rate in certain circumstances. 26 U.S.C. § 6343(c). Federal law also authorizes the IRS to return property in certain cases, including the situation in which the levy on the property was premature or otherwise not in accordance with administrative procedures. 26 U.S.C. § 6343(d). In the case of a levy on the salary or wages payable to or received by the taxpayer, upon agreement with the taxpayer that the tax is not collectible, the IRS is required to release such levy as soon as practicable. 26 U.S.C. § 6343(e). In other words, Plaintiff has express statutory remedies that he may pursue with the IRS to recover property surrendered due to an improper levy and otherwise to obtain relief from the levy. Plaintiff has made no allegation that any of the circumstances in Section 6343 exist.

Federal law preempts any claim for injunctive or other relief that Plaintiff asserts against Mid South. Plaintiff's sole relief from the levy is described in Section 6343. There is no other Federal statute that permits Plaintiff to obtain relief from Mid South with respect to the levy. Accordingly, Plaintiff's request for injunctive relief should be denied and the case dismissed.

Respectfully submitted,

_____
James L. Hughes
Georgia Bar No. 375950

WIMBERLY, LAWSON, STECKEL, WEATHERSBY & SCHNEIDER, P.C.
3400 Peachtree Road, Suite 400
Atlanta, Georgia 30326
(404) 365-0900
(404) 261-3707 (facsimile)

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| WILLIAM S. MCLAURINE, II,<br><br>    Plaintiff,<br><br>v.<br><br>MID SOUTH RESTAURANTS, INC., et al.<br><br>    Defendants. | Civil Action No. 3:07-cv-00049 MHT |

## CERTIFICATE OF SERVICE

I certify that a true, correct and complete copy of the foregoing **DEFENDANT MID SOUTH RESTAURANTS, INC.'S BRIEF IN SUPPORT OF ITS MOTION TO DISMISS OR FOR SUMMARY JUDGMENT AND RESPONSE TO PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF** was deposited in the United States mail with adequate first class postage affixed and addressed to William S McLaurine, II, 222 Tichenor Avenue, Apt No. 4, Auburn, AL 36830 on February 20, 2007.

_____
James L. Hughes