IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
CIVIL DIVISION

RECEIVED

| | | |
|---|---|---|
| WILLIAM S. MCLAURINE, II | ) | 2007 MAR 14  A 9: 24 |
| plaintiff, pro se | ) | |
| | ) | |
| v. | ) | |
| | ) | CIVIL ACTION NO. 3:07CV49-MHT |
| Mid South Restaurants Inc. | ) | |
| defendant | ) | |
| Internal Revenue Service | ) | |
| defendant | ) | |
| | ) | |
| | ) | |

REPLY TO MOTION TO DEFENDANT MID SOUTH RESTAURANTS, INC.'S
MOTION TO DISMISS

Comes Now the Plaintiff in REPLY to the DEFENDANT MID SOUTH RESTAURANTS, INC.'S MOTION TO DISMISS.

The Plaintiff Summarizes the MOTION of the Defenandan MID SOUTH RESTAURANTS, INC. as having three (3) prinicples parts.

The First part is a denial of wrong doing.  All parts are based on an affidavit and/or brief consisiting of a declaration by Joannne Corazalla, and two (2) accompanying documents. One document was apparently presented by to Defendant MID SOUTH RESTAURANTS, INC. by Defendant INTERNAL REVENUE SERVICE.  The second document is a record of payments.  The Second part of the defendants MOTION is a declaration of immunity persuant to 26 U.S.C. § 6332(e).  The Third Part is an allegation that the cited Alabama law is nullified by Federal Law.

[1]    The First Part is a denial of wrong doing.  The documentation presented in Defendant's MOTION covers three (3) areas that demonstrate error on the part of the Defendant MID SOUTH RESTAURANTS, INC.

The First area demonstrating error on the part of Defendant MID SOUTH RESTAURANTS, INC. is lack of legal practice and proceedure.  On page 2 of 7 of the Exhibit 1,  under the column "Kind of Tax" one identifier is CIVPEN.  It is assumed by the Plaintiff that the Term "CIVPEN" refers to the Civil Penalty statute.  There is also a column entitled "Statutory Additions."  Each and both of these additions to the claims are not "taxes" but items that require "civil action."  The authorization to collect does not extend to "the Secretary" to collect these items under 6301 as they are not taxes.  Documenation sent to the Plaintiff by both defendants claim that the authority to collect derives from U.S.C § 6331.  U.S.C § 6331 only allows for lien and levy actions on taxes and expenses of collection.  In addition for any procedure for collection in a "civil action" requires the direction of the "the Secretary" and the "Attorney General" as required by U.S.C 26 § 7401. There is no documentation or claim to support that this persmission has been granted in any way.  This action clearly demonstrates the Defendant INTERNAL REVENUE SERVICE is not in compliance with lawful proceedures and due process.  This action clearly demonstrates the Defendant INTERNAL REVENUE

1

SERVICE is proceeding with oppresive and deceptive collection practices.

The Second Area demonstrating error on the part of Defendant MID SOUTH RESTAURANTS, INC is the explicit authority allowed by U.S.C. 26 §6331(a). The authority to exert a levy on wages only exists for the categories of persons describe in U.S.C. 26 §6331(a). The text reads "Levy may be made upon the accrued salary of..." followed by list of catagories of government employees and officers. The Plaintiff does not fit into any of these catagories. This fact is stated in the AFFIDAVIT FOR REPLY TO MOTION TO DEFENDANT MID SOUTH RESTAURANTS, INC.'S MOTION TO DISMISS. In the Declaration of Joanne Corazalla (Item 9), the Defendant MID SOUTH RESTAURANTS, INC indicates that it has no knowledge that the Plaintiff fits this into one of these catagories. In the Declaration of Joanne Corazalla (Item 8) the Defendant MID SOUTH RESTAURANTS, INC denies that the claim of restriction of Levy on wages to catagories describe in U.S.C. 26 §6331(a) if valid. Such a claim cleary contradicts the specific statute and the Defendant provides no statutory or lawful mechanism to explain this position. In addition to the lack of Jurisdiction the Plaintiff has asserted that no "Notice and Demand" for a tax has been sent to the Plaintiff. Such an action is a prerequisite of any U.S.C. 26 §6331(a) actions.

The Third area of error by Defendant MID SOUTH RESTAURANTS, INC is the failure to perform due dilligence in distribing the wages of the Plaintiff. In the Declaration of Joanne Corazalla (Item 13) the Defendant MID SOUTH RESTAURANTS, INC admits that it has a duty to distribute the wages of the Plaintiff in a lawful manner. In the Declaration of Joanne Corazalla (Items 6, 11, and 12) the Defendant MID SOUTH RESTAURANTS, INC describe a lack of knowledge concering the jurisiction and lawfulness of the actions of the Defendant INTERNAL REVENUE SERVICE. The Defendant MID SOUTH RESTAURANTS, INC has demonstrated no effort to investigate the claims of the Plaintiff in order to determine if the funds they distribute on behalf of the Plaintiff. U.S.C. 26 § 7491 provides that the burden of proof can be shifted to "the Secretary" upon credible evidence with respect to factual issues. The Defendant MID SOUTH RESTAURANTS, INC has made no overtures to the Plaintiff to secure such information or to use such information to the knowledge of the Plaintiff. These declarations and actions are a failfure of due diligence on the part of Defendant MID SOUTH RESTAURANTS, INC and a failure in the responsibility to disturibute the wages of the Plaintiff by Defendant MID SOUTH RESTAURANTS, INC. The Plaintiff asserts that the AFFIDAVIT FOR REPLY TO MOTION TO DEFENDANT MID SOUTH RESTAURANTS, INC.'S MOTION TO DISMISS provides such information and requests this Court use U.S.C. 26 § 7491 to require all burden of proof for action be upon Defendant INTERNAL REVENUE SERVICE.

[2]    The Second Part is an invocation of immunity persuant to 26 U.S.C. § 6332(e). as noted in the cited section the immunity only applies to individuals who surrender such property "upon demand of the Secretary." As the documentation shows, the signature, name and/or title of the "The Secretary" is not present. The only title present is of "Operations Manager, Collection." As documented in the AFFIDAVIT FOR REPLY TO MOTION TO DEFENDANT MID SOUTH RESTAURANTS, INC.'S MOTION TO DISMISS the Plaintiff has requested the Identity of the issuer of the demand, but it is not know at this time. Since this demand was not clearly made by "the Secretary," such immunity is not allowed. There is no documentation or citation presented in the Defendants MOTION or BRIEF to demonstrate that the person issuing this document is "the Secretary." There is no documentation or citation presented in the Defendants MOTION or BRIEF to demonstrate that the person issuing this document has the authority to do so on behalf of "the Secretary." The defendants pleading of Immunity is based on the "belief" that the demand was made by "the Secretary" without any

2

evidence of such a demand. That the Defendant MID SOUTH RESTAURANTS, INC may have made mistakes in assessesing how to direct the funds of the plaintiff on a belief of immunity, but that belief does actually provide immunity. To do so would allow any one to to divert property merely by claiming good faith, irregardless of a finding of fact in the matter.

If the Defendant MID SOUTH RESTAURANTS, INC is allowed any form of immunity, such immunity will only affect the property of the defendant. Declaratory Relief requested by the Plainitiff's Original MOTION FOR EMERGENCY INJUNCTIVE RELIEF will not be covered by this immunity. All funds under the control of defendant MID SOUTH RESTAURANTS, INC, that belong the Plaintiff as a result of wages are not protected by immunity. The direction this Court can give in preventing wage garnishment is not protected by immunity. The Plaintiff requests that this court consider each count of Plaintiff's Original MOTION FOR EMERGENCY INJUNCTIVE RELIEF in this light, if neccesary for this action to proceed.

[3]    The third part concerns the lawfulness of Alabama Code § 6-10-7 Which prohibits garnishment of wages beyond 25% for any reason. 26 U.S.C. § 6332(a) exempts property in "execution under any judicial process." As the levy process is Judicial in nature, the 75% of funds exempt under Alabama Code 6-10-7 are exempt as a judicial process. The Defendnat MID SOUTH RESTAURANTS, INC has claimed that federal law superceeds the Alabama state law concerning wage garnishment, but does not provide a specific law effectuating this claim. The exemption found in 26 U.S.C. § 6332(a) is an exception to the collection powers against taxes in this state by statute and as matter of equity. To overide this state law concerning wage garnishment the Defendant(s) must demonstrate a specific authorization to DENY this exemption as found in 26 U.S.C. § 6332(a) and take the actions they are advocating.

I declare under penalty of perjury that the above information is true and correct.

DATE:_____March 13, 2007_____    _____
                                    William S. McLaurine, II
                                    222 Tichenor Avenue #4
                                    Auburn, Alabama 36830
                                    (334) 524-2175

3

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
CIVIL DIVISION

WILLIAM S. MCLAURINE, II )
    plaintiff, pro se )
  )
  )
          v. )
  ) CIVIL ACTION NO. 3:07CV49-MHT
Mid South Restaurants Inc. )
    defendant )
Internal Revenue Service )
    defendant )
  )

## NOTICE OF SERVICE

I have served the following device(s):

REPLY TO MOTION TO DEFENDANT MID SOUTH RESTAURANTS, INC.'S MOTION TO DISMISS

AFFIDAVIT FOR REPLY TO MOTION TO DEFENDANT MID SOUTH RESTAURANTS, INC.'S MOTION TO DISMISS

MOTION FOR SHIFT OF BURDEN OF PROOF

by mail upon:

James L. Hughes
Wimberly, Lawson, Steckel, Weathersby, & Schneider, P.C.
3400 Peachtree Road, Suite 400
Atlanta, Georgia  30326

and

The Internal Revenue Service
Kansas City, MO  64999

I declare under penalty of perjury that the above information is true and correct.

DATE:_____March 13, 2007_____    _____

William S. McLaurine, II
222 Tichenor Avenue #4
Auburn, Alabama 36830
(334) 524-2175