**ORIGINAL**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA RECEIVED

2007 MAR 28  A 10: 46

WILLIAM S. MCLAURINE, II,

    Plaintiff,

v.

    Civil Action No. 3:07-cv-00049 MHT

MID SOUTH RESTAURANTS, INC., et al.

    Defendants.

---

## DEFENDANT MID SOUTH RESTAURANTS, INC.'S
## REPLY IN SUPPORT OF ITS MOTION TO DISMISS

Defendant, Mid South Restaurants, Inc. ("Mid South"), has moved to dismiss this action

with respect to Mid South because Mid South has complete immunity pursuant to 26 U.S.C. §

6332(e) and because Plaintiff is not entitled to injunctive relief as a matter of law.  Plaintiff has

responded and has asserted that Mid South erred in various ways.  Plaintiff is wrong on every

point as a matter of law.

    1.    Plaintiff contends first that the Secretary does not have authority to collect civil

penalties and statutory additions except through a civil action.  Even if this contention were true,

Mid South must honor the levy.  Federal law requires the employer to honor the levy:

> Except as otherwise provided in this section, any person in possession of (or
> obligated with respect to) property or rights to property subject to levy upon
> which a levy has been made shall, upon demand of the Secretary, surrender such
> property or rights (or discharge such obligation) to the Secretary, except such part
> of the property or rights as is, at the time of such demand, subject to an
> attachment or execution under any judicial process.

26 U.S.C. § 6332(a).  In addition, a taxpayer's defenses to levy do not discharge an employer's

obligation to honor the levy of wages or salary.  *Purk v. U.S.*, 747 F. Supp. 1243 (S.D. Ohio

1989).  The taxpayer's challenge to the validity of a levy did not alter the bank's obligation to

comply with levy and, thus, the bank could not challenge the validity of the levy on the

taxpayer's behalf. *Moore v. General Motors Pension Plans*, 91 F.3d 848 (7th Cir. 1996). Thus, Mid South has no other legal options; it must honor the levy.

2.    Second, Plaintiff contends that levies may be made only against government employees and officers and that no "Notice and Demand" has been made. Even if these contentions were true, Mid South must honor the levy. 26 U.S.C. § 6332(a). Plaintiff also mischaracterizes the statements of Joanne Corazalla. Contrary to Plaintiff's assertions, the statements actually were:

8.    Mid South denies that an IRS wage levy may be made only upon the accrued wages of any officer, employee, or elected official, of the United States or its agencies or instrumentalities, or of the District of Columbia or its agencies or instrumentalities.

9.    Mid South does not know whether Plaintiff receives any payments from the United States.

Declaration of Joanne Corazalla.

3.    Third, Plaintiff erroneously contends that Mid South did not distribute his wages properly. Because the employer must honor the levy, Federal law grants complete immunity to the employer who surrenders property or rights to property subject to levy upon demand by the IRS. Federal law provides:

Any person in possession of (or obligated with respect to) property or rights to property subject to levy upon which a levy has been made who, upon demand by the Secretary, surrenders such property or rights to property . . . shall be discharged from any obligation or liability to the delinquent taxpayer and any other person with respect to such property or rights to property arising from such surrender or payment.

26 U.S.C. § 6332(e). In other words, Mid South is discharged from any obligation or liability to Plaintiff with respect to the wages and salary of Plaintiff that Mid South delivers to the IRS.

*Carman v. Parsons*, 789 F.2d 1532 (11th Cir. 1986); *In re Sigmund London, Inc.*, 139 B.R. 765 (Bkrtcy. E.D.N.Y.1992); *Moore v. General Motors Pension Plans*, 91 F.3d 848 (7th Cir. 1996). Therefore, Mid South has no liability to Plaintiff when it honors an IRS levy and Plaintiff's only recourse is to exercise the rights in the Internal Revenue Code.

      4.     Plaintiff erroneously contends that Mid South is not entitled to immunity because the Notice of Levy on Wages, Salary and Other Income does not bear the signature of the Secretary.  Contrary to Plaintiff's assertion, 26 U.S.C. § 6332(e) does not require the signature of the Secretary.  Section 6332(e) only requires that the Secretary demand payment.  It is common knowledge that the Secretary acts through the employees of the Internal Revenue Service, and the acts of the agent are considered the acts of the master.

      5.     Finally, Plaintiff presents two other strange arguments.  Plaintiff appears to contend that Alabama Code § 6-10-7 should supersede Federal tax law regarding levies on wages because Mid South did not provide a specific law in support of its assertion that Federal law preempts any conflicting Alabama law.  In response to Plaintiff's assertions, according to the United States Constitution, federal laws are considered the supreme law of the land:

> This Constitution, and the Laws of the United States which shall be made in Pursuance thereof; and all Treaties made, or which shall be made, under the Authority of the United States, shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the Constitution and Laws of any State to the Contrary notwithstanding.

U.S. Const. Art. VI.  Plaintiff also contends that his wages should be exempt from the federal tax levy laws because such laws exempt property subject to "execution under any judicial process" and the levy is judicial in nature.  The United States Supreme Court, however, correctly

recognized that levy is an administrative and not a judicial proceeding. *United States v. Rodgers*, 461 U.S. 677, 682-83 (1983). Furthermore, accepting Plaintiff's argument that the levy is judicial in nature would make the levy statute meaningless because the exemption for "execution under any judicial process" would swallow the right to levy. Thus, based on the United States Constitution, precedent from the United States Supreme Court, and common sense, Plaintiff's arguments have no merit whatsoever.

6.     Plaintiff did not address Mid South's contention that Plaintiff does not have a right to injunctive relief with respect to Mid South because there is an adequate remedy at law.

Accordingly, Mid South requests that the Court dismiss Mid South from this action because Plaintiff has failed to present a claim for which relief can be granted given that, as a matter of law, Mid South has immunity from any liability or obligation that might be owed to Plaintiff with respect to honoring the tax levy and because Plaintiff's only recourse is to exercise the rights enumerated in the Internal Revenue Code.

Respectfully submitted,

James L. Hughes
Georgia Bar No. 375950

WIMBERLY, LAWSON, STECKEL, WEATHERSBY & SCHNEIDER, P.C.
3400 Peachtree Road, Suite 400
Atlanta, Georgia 30326
(404) 365-0900
(404) 261-3707 (facsimile)

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| **WILLIAM S. MCLAURINE, II,** | |
|     **Plaintiff,** | |
| **v.** | **Civil Action No. 3:07-cv-00049 MHT** |
| **MID SOUTH RESTAURANTS, INC., et al.** | |
|     **Defendants.** | |

### CERTIFICATE OF SERVICE

I certify that a true, correct and complete copy of the foregoing **DEFENDANT MID SOUTH RESTAURANTS, INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS OR FOR SUMMARY JUDGMENT** was deposited in the United States mail with adequate first class postage affixed and addressed to William S McLaurine, II, 222 Tichenor Avenue, Apt No. 4, Auburn, AL 36830 on March 27, 2007.

James L. Hughes