IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| WILLIAM S. MCLAURINE, II, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:07-CV-00049-MHT |
| | ) |
| MID SOUTH RESTAURANTS, INC. AND | ) |
| INTERNAL REVENUE SERVICE | ) |
| | ) |
| Defendants. | ) |

### MOTION TO DISMISS WITH INCORPORATED MEMORANDUM OF LAW

The named Defendant, the Internal Revenue Service (the "Service"), by and through undersigned counsel, moves to dismiss this action against the Service, pursuant to Rule 12(b)(1), (5) and (6), for lack of subject matter jurisdiction, insufficiency of service of process, and for failure to state a claim upon which relief may be granted as more fully explained in the incorporated Memorandum of Law.

### MEMORANDUM OF LAW

### INTRODUCTION

William S. McLaurine, II ("Taxpayer") filed a Motion for Emergency Injunctive Relief on January 16, 2007, asking this Court to order the Service to: (1) "STAY and/or Stop all actions associated with collection(s) and/or levy(s) actions and/or notice(s) of levy actionas [sic] that are directed at the Plaintiff, or the property or funds of the Plaintiff, or at any employer of the Plaintiff with regard to the Plaintiff . . . .", and (2) serve certain information regarding tax assessments and levies against the Taxpayer to Taxpayer, such as "A legible list of Names and copy(s) of the required signatures of all supervisors of levy actions."  Taxpayer's Complaint,

¶¶ IV.[4] & [5].  Although Taxpayer labels this initial filing a motion, it appears in substance to be a complaint seeking injunctive relief, and the Court has docketed Taxpayer's filing as a Complaint.

In Taxpayer's "Reply to Motion to [sic] Defendant Mid South Restaurant, Inc.'s Motion to Dismiss," Taxpayer asserts: "The authority to exert a levy on wages only exists for the categories of persons describe [sic] in U.S.C. 26 §6331(a) [sic].  The text reads 'Levy may be made upon the accrued salary of...' followed by list [sic] of categories of government employees and officers."  Docket Entry 20, p. 2.

Protest-type arguments such as the one raised by Taxpayer that the Service is only permitted to levy against government employees and officers have been rejected time and again by the courts.  In an attempt to educate taxpayers about these misguided views of the income tax laws, the Service has published guidance that addresses many of these common arguments that the courts have repeatedly deemed frivolous.  See generally "The Truth About Frivolous Tax Arguments," <http://www.irs.gov/pub/irs-utl/friv_tax.pdf>  (visited March 29, 2007).

Taxpayer's Complaint, titled Motion for Emergency Injunctive Relief, should be dismissed for a number of reasons.

## ARGUMENT

### A.   The Service is not a proper defendant.

Taxpayer has named the Service as a defendant in this action.  The Service cannot be sued as an individual entity.  Purk v. United States, 747 F. Supp. 1243, 1247 (S.D. Ohio 1989) ("the IRS . . . is not an independently suable entity"); Estate of Pechan v. United States, 686 F.

Supp. 410, 412 (E.D.N.Y. 1988) ("There is no statutory authorization for a refund suit against either the Commissioner . . . [citations omitted] . . . or the Treasury Department . . . [citation omitted]"). Based on the foregoing, this action against the Service cannot be maintained. Therefore, the Taxpayer's Complaint should be dismissed.

> B. **Taxpayer failed to state a claim against the United States or the Internal Revenue Service.**
>
>> 1. <u>Taxpayer's request for injunctive relief is barred by the Anti-Injunction Act.</u>

Taxpayer's Complaint, as the title Motion for Emergency Injunctive Relief indicates, requests injunctive relief against the Service, but this Court is without jurisdiction to issue such relief. The Anti-Injunction Act precludes this Court from exercising jurisdiction over any action, such as the instant one, which seeks to enjoin the collection of taxes. 26 U.S.C. § 7421(a). Section 7421(a) of the Internal Revenue Code provides as follows:

> TAX–Except as provided in sections 6015(c), 6212(a) and (c), 6213(a), 6225(b), 6246(b), 6330(e)(1), 6331(i), 6672(c), 6694(c), and 7426(a) and (b)(1), 7429(b), and 7436, no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed.

The purpose of § 7421 is to protect the expeditious collection of revenue and minimize pre-collection judicial intervention with that process. <u>South Carolina v. Regan</u>, 465 U.S. 367, 376 (1984); <u>Matter of LaSalle Rolling Mills, Inc.</u>, 832 F.2d 390, 392-93 (7th Cir. 1987). Taxpayer has not cited any statutory or judicial exception to the Anti-Injunction Act that applies in these circumstances, and, as discussed immediately below, no such exception applies in these circumstances.

Section 6015(c) addresses relief from joint and several liability, and has no application to the facts of this case. Sections 6212(a) and (c) and 6213(a) govern actions in the Tax Court, and are likewise inapplicable. Sections 6225(b) and 6246(b) relate to partnership proceedings and are similarly inapplicable. Section 6330(e)(1) is inapplicable by its terms because the Taxpayer has not asserted that he made a hearing request, and did not make a hearing request, pursuant to Section 6330(a)(3)(B). Section 6331(i) relates only to employment taxes and Section 6672 relates only to trust fund recovery penalties, and both of these sections are also inapplicable in this case.

Although the Complaint does not assert that Section 7426 is applicable, the relief it seeks is of the type prohibited by Section 7426, because the Taxpayer does not have standing to bring an action under Section 7426, which waives sovereign immunity only for suits by persons "other than the person against whom is assessed the tax" that gave rise to the challenged levy. In this case, the taxes were assessed against Taxpayer, and Section 7426 is therefore inapplicable. Section 7429(b) and 7436 relate to jeopardy actions and determinations of employment status, respectively, and are similarly inapplicable. Therefore, none of the exceptions to Section 7421(a) apply.

>2. Taxpayer's request for declaratory relief, if any, is barred by the Declaratory Judgment Act.

To the extent Taxpayer's Complaint is construed as requesting declaratory relief, the Declaratory Judgment Act governs Taxpayer's request for declaratory relief. The Declaratory Judgment Act, 28 U.S.C. § 2201(a), authorizes federal courts to issue declaratory judgments "except with respect to federal taxes." Thus, under this tax exception to the Declaratory Judgment Act, suits for declaratory relief in federal tax cases, aside from limited exceptions, are

not allowable. See, e.g., Hughes v. United States, 953 F.2d 531, 536-37 (9th Cir. 1992); Jensen v. I.R.S., 835 F.2d 196, 198 (9th Cir. 1987). None of the exceptions are applicable here. For example, 26 U.S.C. § 7428, which deals with declaratory judgments relating to the status and classification of 26 U.S.C. § 501(c)(3) organizations, plainly has no application to this case. No other statute or caselaw provides jurisdiction for this Court to grant a declaratory judgment in this case. Therefore, this Court is without jurisdiction with respect to Taxpayer's request for declaratory relief, if any.

Taxpayer has sought injunctive and, if so construed, declaratory relief. However, for the reasons discussed above, Taxpayer has failed to state a claim upon which relief may be granted, and Taxpayer's Complaint should be dismissed with respect to the Service.

    **C.    This Court lacks subject matter jurisdiction because sovereign immunity has not been waived.**

The United States of America, as sovereign, is immune from suit unless it has consented to be sued. United States v. Sherwood, 312 U.S. 584, 586 (1941). Further, the United States may define the terms and conditions upon which a litigant may proceed. United States v. Testan, 424 U.S. 392, 399 (1976); see also Library of Congress v. Shaw, 478 U.S. 310, 318 (1986). Waivers of sovereign immunity are to be strictly construed and no exceptions implied. United States v. Testan, 424 U.S. at 399; United States v. Nordic Village, Inc., 112 S.Ct. 1011, 1014, 503 U.S. 30, 33 (1992); Irwin v. Department of Veterans Affairs, 498 U.S. 89, 94 (1990). In the absence of clear congressional intent, the courts routinely find no jurisdiction to entertain suits against the United States, and dismiss any such actions. United States v. Mitchell, 445 U.S. 535, 538-39 (1980).

In order to invoke the jurisdiction of a federal court, the moving party must allege in the pleadings the facts essential to show jurisdiction. McNutt v. General Motors, 298 U.S. 178 (1936). Pursuant to 28 U.S.C. § 1340, district courts "have original jurisdiction of any civil action arising under any Act of Congress providing for internal revenue . . . ." However, as a general jurisdictional statute, it does not constitute a waiver of sovereign immunity. Falik v. United States, 343 F.2d 38, 40 (2d Cir. 1965); Murray v. United States, 686 F.2d 1320 (8th Cir. 1982). Thus, general jurisdictional statutes such as 28 U.S.C. § 1340 do not provide a waiver of sovereign immunity.

Taxpayer is unable to establish that sovereign immunity has been waived, since, as discussed above, the United States has not waived its sovereign immunity for Taxpayer's action. Therefore, this action should be dismissed with respect to the Service.

### D. Taxpayer failed to properly serve defendant.

As discussed in section A. above, the Service is not a proper party to this lawsuit. If the Court deems this action one against the United States, which is the party that should have been named by Taxpayer as a defendant, the Taxpayer has not properly served the United States. In order to properly serve the United States, Rule 4(i) of the Federal Rules of Civil Procedure requires, in pertinent part, (1) a summons to be delivered to the United States Attorney for the district in which the action is brought and (2) a copy of the summons to be sent to the Attorney General of the United States. Based upon information and belief, Taxpayer did not send a copy of a summons to the Attorney General of the United States. Therefore, to the extent this action is deemed to be one against the United States, it should be dismissed.

## IV.  CONCLUSION

For the reasons stated above, Taxpayer's entire action should be dismissed.

                Respectfully submitted,

                LEURA GARRETT CANARY
                United States Attorney


                 /s/ James T. Lyons
                JAMES T. LYONS
                Trial Attorney, Tax Division
                U.S. Department of Justice
                Post Office Box 14198
                Ben Franklin Station
                Washington, D.C.  20044
                Telephone: (202) 514-5880
                Facsimile: (202) 514-9868
                Email: james.t.lyons@usdoj.gov

## CERTIFICATE OF SERVICE

**IT IS HEREBY CERTIFIED** that service of the foregoing Motion to Dismiss with Incorporated Memorandum of Law has been made this 30th day of March 2007, by depositing true and correct copies thereof, postage prepaid, in the United States mail addressed to the following:

James L. Hughes
3400 Peachtree Road, Suite 400
Atlanta, Georgia 30326

William S. McLaurine, II
222 Tichenor Avenue #4
Auburn, Alabama 36830

                                                /s/ James T. Lyons
                                                JAMES T. LYONS