IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
CIVIL DIVISION

RECEIVED
2007 APR 17  A 9:42

| | | |
|---|---|---|
| WILLIAM S. MCLAURINE, II<br>plaintiff, pro se | )<br>)<br>)<br>) | |
| v. | ) | Case NO. 3:07-CV-00049-MHT |
| Mid South Restaurants Inc.<br>defendant<br>Internal Revenue Service<br>defendant | )<br>)<br>)<br>)<br>)<br>)<br>) | |

...A P. HACKETT C...
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

## REPLY

COMES NOW the Plaintiff, William S. McLaurine, II in REPLY to the MOTION TO DISMISS WITH INCORPORATED MEMORANDUM OF LAW, filed by United States Attorney Leura Garrett Canary. The Plaintiff requests dismissal of the MOTION in whole and part for the following seperate and several reasons:

[1]    This court should reject the MOTION TO DISMISS WITH INCORPORATED MEMORANDUM OF LAW in its entirety on the GROUNDS that the United States Attorney does not have standing to act as counsel in this matter. The Office of General Counsel is the proper agency that should repsond in this matter.

[2]    The issues raised in this motion only address the issues of the Defendant, the Internal Revenue Service, not of the Mid South Restaraunts. As, any ruling should not dismiss the Complaint as no action may be taken on behalf of Mid South Restaraunts Inc. as a result of the MOTION TO DISMISS WITH INCORPORATED MEMORANDUM OF LAW, filed by United States Attorney Leura Garrett Canary.

[3]    This is not a Refund Lawsuit. The requested in the Complaint do not prevent the collection of any tax. They only require that any collection proceeding be required to follow due process entitled to the Plaintiff and the rule of law. If the Defendants cannot produce credible evidence that a tax is owed, then there can be no interference with a tax collection, because there is no tax to be collected. Without evidence that a tax is owed, the claim of exemptions made have no substantive basis.

[4]    There has been no evidence introduced that a tax is owed, that proper service has been performed at every stage of the process by the Secretary, in the form of Affidavit or legal evidence.

[5]    The Plaintiff maintians that if a waiver of Sovereign Immunity is required it may be construde from the laws regarding civil rights violations, and/or from 44 U.S.C §3512 on the grounds that the documents lacked the neccesarry OMB numbers.

1

[6]     The lack of jurisdiction claimed by 26 U.S.C. §7421(a) is an unconstitutional law. The First amendment guarantee of the right to petition for greivances allows for the right to petion a court. Since this law removes the right to petition any court, it prevents the lawful right to petition for grievances. As such law cannot be viewed by this court as existing and the general jurisidiction on civil matters provided to this court should allow for jurisdiction in this case.

[7]     The Plaintiff Maintians that the Internal Revenue Service is not identifiable as the United States as maintained by the MOTION TO DISMISS WITH INCORPORATED MEMORANDUM OF LAW, filed by United States Attorney Leura Garrett Canary is incorrect. If this court finds that the Internal Revenue Service is the United States government then the Plaintiff request the right to be informed and allow time for proper service corrrection.
         The nature of this complaint is that the actions taken by individuals identifying themselves with documents inidicating affiliation with the Internal Revenue Service are without legal authority. If the Defendants wish to establish sovereign immunity they must identify the individuals by name and specify the chain of delagation of authority to the individuals and/or agencies possessed. There is no statutatory citation or other legal cititation of authority identifying the Internal Revenue service as a government agency in any document cited by the Defendants or the MOTION TO DISMISS WITH INCORPORATED MEMORANDUM OF LAW, filed by United States Attorney Leura Garrett Canary.

[8]     The arguments presentend in the MOTION TO DISMISS WITH INCORPORATED MEMORANDUM OF LAW, filed by United States Attorney Leura Garrett Canary concerning the lack of the Plaintiff's status as an "employee," "officer," or "official" are not complete. The distinction of powers of 26 U.S.C. §6331(a) apply to individuals who have been served with a Notice and Demand for a tax, and/or upon the wages of any "...officer, employee, or elected Official..." of various governmental groups. Yes it is true that just because the Plaintiff is not a governmental functionairy that the Plaintiff is not immune from levy action, but it is true that because the total lack of authority the Plaintiff is exempt for levy actions. The Plaintiff has maintained that he not been served with Notice and Demand of a the tax, and served an affidavit stating he is not a governmental functionairy as required by this Law. Until documentation showing that the Notice and Demand for a Tax has been served has been presented, no levy action may be lawfully maintained.

I declare under penalty of perjury that the above information is true and correct.

DATE: April 16, 2007

William S. McLaurine, II
222 Tichenor Avenue #4
Auburn, Alabama 36830
(334) 524-2175

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
CIVIL DIVISION

| | |
|---|---|
| WILLIAM S. MCLAURINE, II<br>　　plaintiff, pro se<br><br>　　　　v.<br><br>Mid South Restaurants Inc.<br>　　defendant<br>Internal Revenue Service<br>　　defendant | )<br>)<br>)<br>)　Case NO. 3:07-CV-00049-MHT<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## NOTICE OF SERVICE

I have served the following device:

REPLY

by certified mail upon:

James L. Hughes
3400 Peachtree Road, Suite 400
Atlanta, Georgia  30326

The Internal Revenue Service
Kansas City, MO  64999

James T. Lyons
Trial Attorney, Tax Division
P. O. Box 14198
Ben Franklin Station
Washington, D.C. 20044

I declare under penalty of perjury that the above information is true and correct.

DATE: April 16, 2007

William S. McLaurine, II
222 Tichenor Avenue #4
Auburn, Alabama 36830
(334) 524-2175