IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM S. MCLAURINE, II, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 3:07cv049-MHT |
| | ) | |
| MID SOUTH RESTAURANTS, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

In this action, plaintiff alleges that his employer, defendant Mid South Restaurants, Inc. ("Mid South"), wrongfully diverted wages owed to him pursuant to a Notice of Levy issued by defendant Internal Revenue Service. This action is presently before the court on the motion to dismiss filed by Mid South on February 21, 2007 (Doc. # 15), which the court converted to a motion for summary judgment by order entered on February 22, 2007 (Doc. # 22), and the motion to dismiss filed by the Internal Revenue Service on March 30, 2007 (Doc. # 24). Defendant Mid South argues that plaintiff is not entitled to injunctive relief as a matter of law and, further, that it is immune from liability. The IRS argues that the Internal Revenue Service is not a proper defendant, and that the complaint fails to state a claim against the United States or the IRS because: (1) the request for injunctive relief is barred by the Anti-Injunction Act; (2) the United States has not waived its sovereign immunity; and (3)

plaintiff has failed to serve the defendant properly.[1] Upon consideration of the motions, the court concludes that they are due to be granted.

**RULE 12(B)(1) STANDARD**

> Attacks on subject matter jurisdiction come in two forms: (1) facial attacks, and (2) factual attacks. Lawrence v. Dunbar, 919 F.2d 1525, 1529 (11th Cir. 1990)(citing Menchaca v. Chrysler Credit Corp., 613 F.2d 507, 511 (5th Cir. 1980).
>
> Facial attacks on a complaint "require the court merely to look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in [plaintiff's] complaint are taken as true for the purposes of the motion." Lawrence v. Dunbar, 919 F.2d 1525, 1529 (11th Cir. 1990). Factual attacks challenge "the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered." Lawrence, 919 F.2d at 1529.

Scarfo v. Ginsberg, 175 F.3d 957 (11th Cir. 1999).

**THE SUMMARY JUDGMENT STANDARD**

A party seeking summary judgment bears the initial burden of demonstrating to the court the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions that it believes show an absence of any genuine issue of material fact. Hairston v. Gainesville Publishing Co., 9 F.3d 913 (11th Cir. 1993). For issues on which the non-movant bears the burden of proof at trial, "the moving party is not required to support its motion with affidavits or other similar material negating the opponent's claim in order to discharge this initial responsibility. Instead, the moving party

[1] The IRS also argues that, to the extent plaintiff's complaint seeks declaratory relief, the action is barred by the Declaratory Judgment Act. Construing plaintiff's complaint liberally, the court does not read it to seek declaratory relief.

simply may show [ ] – that is, point[ ] out to the district court – that there is an absence of evidence to support the non-moving party's case." Fitzpatrick v. City of Atlanta, 2 F.3d 1112, 1115-16 (11th Cir. 1993)(quoting U.S. v. Four Parcels of Real Property, 941 F.2d 1428, 1437-38 (11th Cir. 1991)(*en banc*)).

In Celotex Corp. v. Catrett, 477 U.S. 317 (1986), the Court held that if a party opposing summary judgment "fails to make a showing sufficient to establish the existence of an element essential to their party's case, and on which their party will bear the burden of proof at trial," summary judgment shall be granted.

> [W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue . . . Rule 56(e) . . . requires the nonmoving party to go beyond the pleadings and by . . . affidavits, or by the "depositions, answers to interrogatories, and admissions on file," designate "specific facts showing that there is a genuine issue for trial. . . We do not mean that the nonmoving party must produce evidence in a form that would be admissible at trial in order to avoid summary judgment. . . . Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56 except the mere pleadings themselves. . . ."

Id. at 324.

> Where the moving party will bear the burden of proof at trial,
> that party must show affirmatively the absence of a genuine issue of material fact: it must support its motion with credible evidence . . . that would entitle it to summary judgment unless the non-moving party, in response, come[s] forward with significant, probative evidence demonstrating the existence of a triable issue of fact.

Fitzpatrick v. City of Atlanta, 2 F.3d 1112, 1115 (11th Cir. 1993)(quoting United States v. Four Parcels of Real Property, 941 F.2d 1428, 1438 (11th Cir. 1991)(*en banc*)).

For summary judgment purposes, an issue of fact is "material" if it is a legal element

of the claim, as identified by the substantive law governing the case, such that its presence or absence might affect the outcome of the suit. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). An issue of fact is "genuine" if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party. Matsushita Electrical Industrial Company v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). The court must view the evidence, and all factual inferences properly drawn from the evidence, in the light most favorable to the nonmoving party. Welch v. Celotex Corp., 951 F.2d 1235, 1237 (11th Cir. 1992); Rollins v. TechSouth, Inc., 833 F.2d 1525, 1528 (11th Cir. 1987). It is improper for this court to weigh conflicting evidence or make credibility determinations; instead, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Anderson, 477 U.S. at 255. Where a reasonable fact finder may "draw more than one inference from the facts, and that inference creates a genuine issue of material fact, then the court should refuse to grant summary judgment." Barfield v. Brierton, 883 F.2d 923, 933-34 (11th Cir. 1989) (citation omitted).

## DISCUSSION

### Mid South's Motion

On December 7, 2006, the Internal Revenue Service issued a "Notice of Levy on Wages, Salary and Other Income" to defendant Mid South, directing Mid South to withhold wages from plaintiff and remit them to the IRS. (Exhibit 1 to Corazalla dec.). Pursuant to the notice, Mid South withheld money from plaintiff's wages and paid it to the IRS. (Corazella dec., ¶ 1 and Exhibit 2). In this action, plaintiff seeks an order enjoining Mid

South from further diversion of plaintiff's wages and directing Mid South to pay to plaintiff amounts previously remitted to the IRS.

Defendant Mid South argues that plaintiff is not entitled to injunctive relief as a matter of law. The Anti-Injunction Act provides generally that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person[.]" 26 U.S.C. § 7421(a). The purpose of the Act is "to permit the United States to assess and collect taxes alleged to be due without judicial intervention, and to require that the legal right to the disputed sums be determined in a suit for refund." Enochs v. Williams Pacing & Navigation Co., 370 U.S. 1, 7 (1962). The statute specifies a number of exceptions, none of which are applicable in this case.[2] Plaintiff's remedy for an allegedly wrongful assessment is "to bring a timely suit in the tax court under 26 U.S.C. 6212 and 6213 or to pay the tax and sue for a refund in district court or [Court of Federal Claims] under 26 U.S.C. § 7422 and 28 U.S.C. §§ 1346(a)(1) and 1491." Leves v. Internal Revenue Service,

---

[2] The enumerated exceptions relate to proceedings before the Tax Court (26 U.S.C. §§ 6015(e), 6212(a),(c)), injunctions of assessments related to partnerships (§§ 6225(b), 6246(b)), suspension of collection during a hearing by the IRS Office of Appeals and appeal of that decision (§§ 6330(e)(1)), collection of unpaid divisible employment taxes (§6331(i)), collection of penalties against a tax preparer or for failure to collect and account for taxes (§§ 6694(c), 6672(c)), expedited review of jeopardy levies and assessments (§ 7429(b)), proceedings for determination of employment status of individuals working for a taxpayer (§ 7436), and civil actions filed by persons other than the taxpayer (§§ 7426(a), (b)(1)). Plaintiff has not alleged or demonstrated that his claims fall within the judicial exception set forth in Enochs, *supra* (exception applies where the plaintiff establishes that the United States cannot prevail under any circumstances, "under the most liberal view of the law and the facts" and collection would cause irreparable harm). The limited exception set forth in South Carolina v. Regan, 465 U.S. 367, 373 (1984)(applying where "Congress has not provided the plaintiff with an alternative legal way to challenge the validity of a tax"), is likewise inapplicable.

Commissioner, 796 F.2d 1433, 1435 (11th Cir. 1986)(finding that Anti-Injunction Act precluded suit by taxpayers to enjoin IRS from placing tax liens on their property and to require IRS to return money already collected). The court lacks jurisdiction to entertain plaintiff's claims for injunctive relief as to the tax levy at issue and, accordingly, these claims are due to be dismissed pursuant to Fed. R. Civ. P. 12(b)(1). See Enax v. United States, 2007 WL 708976. * 2 (11th Cir. Mar. 8, 2007)(unpublished opinion)("[U]nless Enax qualifies for a statutory or judicial exception to the [Anti-Injunction Act], we must affirm the district court's determination that the Act stripped it of the jurisdiction necessary to issue the requested relief.").

It is not clear from the complaint that plaintiff seeks damages from Mid South. However, to the extent that he does, Mid South has established that it is entitled to summary judgment on the basis of the immunity from liability provided by 26 U.S.C. § 6332(e). The statute provides:

> **Effect of honoring levy. –** Any person in possession of (or obligated with respect to) property or rights to property subject to levy upon which a levy has been made who, upon demand by the Secretary, surrenders such property or rights to property (or discharges such obligation) to the Secretary . . . shall be discharged from any obligation or liability to the delinquent taxpayer and any other person with respect to such property or rights to property arising from such surrender or payment.

Id. Plaintiff argues that the levy is not valid because: (1) plaintiff is not an officer, employee or elected official of the United States or District of Columbia;[3] (2) the levy suffers from a

---

[3] Plaintiff's argument that the persons whose wages are subject to levy is restricted by the terms of 26 U.S.C. §6331(a) to federal officers, employees or elected officials was rejected almost

number of other substantive and procedural defects; and (3) the levy is precluded by an Alabama statute that exempts 75 percent of an employee's wages from levy under garnishment for the collection of debts or judgments.[4] However, the immunity provided by the statute does not depend on the substantive or procedural validity of the levy. Moore v. General Motors Pension Plans, 91 F.3d 848, 851 (7th Cir. 1996). Plaintiff does not dispute that the money paid by Mid South to the IRS was his property, or that Mid South provided the money to the IRS pursuant to a levy. Thus, under the plain language of the statute, Mid South is immune from liability.

**Internal Revenue Service's Motion**

The IRS argues, correctly, that it cannot be sued as an individual entity. See Brewer v. Commissioner, Internal Revenue, 435 F.Supp.2d 1174, 1178-79 (S.D. Ala. 2006); Purk v. United States, 747 F. Supp. 1243, 1247 (S.D. Ohio 1989). However, in view of plaintiff's

---

five decades ago by the Supreme Court. See Sims v. United States, 359 U.S. 108 (1959)("Nor is there merit in petitioner's contention that Congress, by specifically providing in § 6331 for levy upon the accrued salaries of federal employees, but not mentioning state employees, evinced an intention to exclude the latter from levy. . . . It is evident that § 6331 was enacted to . . . subject the salaries of federal employees to the same collection procedure as are available against all other taxpayers[.]").

[4] State law is only relevant to the extent that it determines whether the taxpayer has an ownership interest in the property. Whether any part of the property is subject to an exemption from levy is a matter of federal law. See United States v. Metropolitan Life Insurance, 874 F.2d 1497, 1500 (11th Cir. 1989)("A court assessing a levy on a taxpayer's intangible interest in property held by third parties must determine first the nature of the taxpayer's interest in the property. This is a question of state law. Once the court has determined that a delinquent taxpayer has rights to the property, federal law determines whether the custodian of the property is obligated to surrender the property to the IRS.")(citing United States v. National Bank of Commerce, 472 U.S. 713, 724 n. 8 (1985)); see also 26 U.S.C. § 6334 (setting forth property exempt from IRS levy).

*pro se* status, the court treats this action as one against the United States. Cf. Brewer, *supra* ("The proper approach when the IRS is sued is to treat the action as one brought against the United States.")(citation omitted).[5]

Plaintiff seeks an order enjoining the IRS from proceeding with collection actions until after it has demonstrated the validity of the actions to this court and directing the IRS to provide plaintiff and this court with information related to the collection actions. As discussed above, this court lacks jurisdiction to entertain plaintiff's claims for injunctive relief with respect to the IRS levy under the Anti-Injunction Act. Viewing plaintiff's complaint liberally, the court has determined that plaintiff brings no claim other than one for injunctive relief precluded by the Act. Accordingly, plaintiff's claims against the United States are due to be dismissed for lack of jurisdiction.[6]

**CONCLUSION**

For the foregoing reasons, it is the RECOMMENDATION of the Magistrate Judge that:

(1) defendants' motions to dismiss (Docs. # 15, 24) be GRANTED;

(2) plaintiff's claims for injunctive relief against defendant Mid South and against the

---

[5] Defendant argues that plaintiff failed to effect service on the United States pursuant to Fed. R. Civ. P. 4(i) because plaintiff did not send a copy of the summons to the Attorney General of the United States. However, the court record reflects that a summons directed to the Attorney General was issued by the court on January 30, 2007, and was received and signed for on February 5, 2007 (Docs. ## 7, 10).

[6] In view of this conclusion, the court does not reach the United States' sovereign immunity argument.

United States be dismissed for lack of jurisdiction;

(3) to the extent plaintiff asserts a claim for damages against defendant Mid South, the claim be dismissed pursuant to Mid South's statutory immunity; and

(4) plaintiff's motion for shift of burden of proof (Doc. # 22) be DENIED.[7]

The Clerk of the Court is ORDERED to file the Recommendation of the Magistrate Judge and to serve a copy on the parties to this action. The parties are DIRECTED to file any objections to this Recommendation on or before May 7, 2007. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. Resolution Trust Co. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993); Henley v. Johnson, 885 F.2d 790, 794 (11th Cir. 1989).

---

[7] Citing 26 U.S.C. § 7491, plaintiff moves "that the burden of proof in this matter, particularly with reference to the validity of claims of debts and/or taxes owed by the Plainitiff [sic] be place [sic] upon the Defendant INTERNAL REVENUE SERVICE." (Doc. # 22). This is not an action for refund but an action to enjoin the IRS collection action, and the validity of the underlying tax debt is not before the court. Accordingly, the motion is due to be denied. Plaintiff bears the burden of demonstrating that his case falls within an exception to the Anti-Injunction Act (see Bowers v. United States, 423 F.2d 1207 (5th Cir. 1970)).

Done, this 23rd day of April, 2007.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE