UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| WILLIAM S. MCLAURINE, II, | |
|    Plaintiff, | |
| v. | Civil Action No. 3:07-cv-00049 MHT |
| MID SOUTH RESTAURANTS, INC., et al. | |
|    Defendants. | |

DEFENDANT MID SOUTH RESTAURANTS, INC.'S
BRIEF IN SUPPORT OF RECOMMENDATION OF THE MAGISTRATE JUDGE

Defendant, Mid South Restaurants, Inc. ("Mid South"), supports the Recommendation of the Magistrate Judge to grant Mid South's motion to dismiss this action; to dismiss Plaintiff's claims for injunctive relief for lack of jurisdiction; and to dismiss any claim for damages against Mid South because Mid South has complete immunity pursuant to 26 U.S.C. § 6332(e).

   1.    The Magistrate Judge correctly determined that the Court lacks subject matter jurisdiction to consider Plaintiff's claim for injunctive relief to stop the collection of federal taxes. In addition to the rationale and cases cited by the Magistrate Judge, the Court also should consider the long line of precedents in the Eleventh Circuit which hold that the Court lacks subject matter jurisdiction in actions for injunctive relief to prevent the collection of federal taxes. *Woods v. Internal Revenue Service*, 3 F.3d 403 (11th Cir. 1993); *Mathes v. United States*, 901 F.2d 1031 (11th Cir. 1990); *Melton v. Kurtz*, 575 F.2d 547 (5th Cir. 1978); *McCabe v. Alexander*, 526 F.2d 963 (5th Cir. 1976). Notably, Plaintiff failed to demonstrate that any exceptions to the Anti-Injunction Act apply. *See* 26 U.S.C. 7421(a).

   2.    Furthermore, Federal law requires Mid South to honor the levy:

Except as otherwise provided in this section, any person in possession of (or obligated with respect to) property or rights to property subject to levy upon which a levy has been made shall, upon demand of the Secretary, surrender such

> property or rights (or discharge such obligation) to the Secretary, except such part of the property or rights as is, at the time of such demand, subject to an attachment or execution under any judicial process.

26 U.S.C. § 6332(a). In addition, a taxpayer's defenses to levy do not discharge an employer's obligation to honor the levy of wages or salary. *Purk v. U.S.*, 747 F. Supp. 1243 (S.D. Ohio 1989). The taxpayer's challenge to the validity of a levy did not alter the bank's obligation to comply with levy and, thus, the bank could not challenge the validity of the levy on the taxpayer's behalf. *Moore v. General Motors Pension Plans*, 91 F.3d 848 (7th Cir. 1996). Thus, Mid South has no other legal options; it must honor the levy.

3.  Plaintiff contends that levies may be made only against government employees and officers and that no "Notice and Demand" has been made. Even if these contentions were true, Mid South must honor the levy. 26 U.S.C. § 6332(a).

4.  Federal law grants complete immunity to the employer who surrenders property or rights to property subject to levy upon demand by the IRS. Federal law provides:

> Any person in possession of (or obligated with respect to) property or rights to property subject to levy upon which a levy has been made who, upon demand by the Secretary, surrenders such property or rights to property . . . shall be discharged from any obligation or liability to the delinquent taxpayer and any other person with respect to such property or rights to property arising from such surrender or payment.

26 U.S.C. § 6332(e). In other words, Mid South is discharged from any obligation or liability to Plaintiff with respect to the wages and salary of Plaintiff that Mid South delivers to the IRS. *Carman v. Parsons*, 789 F.2d 1532 (11th Cir. 1986); *In re Sigmund London, Inc.*, 139 B.R. 765 (Bkrtcy. E.D.N.Y.1992); *Moore v. General Motors Pension Plans*, 91 F.3d 848 (7th Cir. 1996). Therefore, Mid South has no liability to Plaintiff when it honors an IRS levy and Plaintiff's only recourse is to exercise the rights in the Internal Revenue Code.

5.    Plaintiff erroneously contends that Mid South is not entitled to immunity because the Notice of Levy on Wages, Salary and Other Income was not issued at the direction of the Secretary.  Contrary to Plaintiff's assertion, 26 U.S.C. § 6332(e) does not require the express direction of the Secretary.  Section 6332(e) only requires that the Secretary demand payment.  It is common knowledge that the Secretary acts through the employees of the Internal Revenue Service, and the acts of the agent are considered the acts of the master.

6.    We note that the Court has discretion to award attorney fees and litigation costs in favor of Mid South because of the frivolous nature of Plaintiff's claims and arguments.  *Woods v. Internal Revenue Service*, 3 F.3d 403 (11th Cir. 1993); *McNair v. Eggers*, 788 F.2d 1509 (11th Cir. 1986).

Accordingly, Mid South requests that the Court adopt the Recommendation of the Magistrate Judge because Plaintiff has failed to present a claim for which relief can be granted given that, as a matter of law, the Court lacks subject matter jurisdiction, Mid South has immunity from any liability or obligation that might be owed to Plaintiff with respect to honoring the tax levy; and Plaintiff's only recourse is to exercise the rights enumerated in the Internal Revenue Code.

Respectfully submitted,

s/ James L. Hughes
James L. Hughes
Georgia Bar No. 375950

WIMBERLY, LAWSON, STECKEL, WEATHERSBY & SCHNEIDER, P.C.
3400 Peachtree Road, Suite 400
Atlanta, Georgia 30326
(404) 365-0900
(404) 261-3707 (facsimile)

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF ALABAMA**

| | |
|---|---|
| **WILLIAM S. MCLAURINE, II,** | |
|    **Plaintiff,** | |
| **v.** | **Civil Action No. 3:07-cv-00049 MHT** |
| **MID SOUTH RESTAURANTS, INC., et al.** | |
|    **Defendants.** | |

**CERTIFICATE OF SERVICE**

    I certify that a true, correct and complete copy of the foregoing **DEFENDANT MID SOUTH RESTAURANTS, INC.'S BRIEF IN SUPPORT OF RECOMMENDATION OF THE MAGISTRATE JUDGE** was deposited in the United States mail with adequate first class postage affixed and addressed to William S McLaurine, II, 222 Tichenor Avenue, Apt No. 4, Auburn, AL 36830 on May 8, 2007 and was electronically filed with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to James T. Lyons, Trial Attorney, Tax Division, U.S. Department of Justice, P.O. Box 14198, Ben Franklin Station, Washington, D.C. 20044 email: james.t.lyons@usdoj.gov.

.

                                            S/ James L. Hughes
                                            James L. Hughes
                                            Georgia Bar No. 375950

WIMBERLY, LAWSON, STECKEL, WEATHERSBY & SCHNEIDER, P.C.
3400 Peachtree Road, Suite 400
Atlanta, Georgia 30326
(404) 365-0900
(404) 261-3707 (facsimile)
Email: jlh@wimlaw.com