IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| WILLIAM S. MCLAURINE, II, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:07-CV-00049-MHT |
| | ) |
| MID SOUTH RESTAURANTS, INC. AND | ) |
| INTERNAL REVENUE SERVICE | ) |
| | ) |
| Defendants. | ) |

**RESPONSE TO PLAINTIFF'S OBJECTIONS TO
RECOMMENDATIONS OF MAGISTRATE JUDGE**

The named Defendant, the Internal Revenue Service (the "IRS"), by and through undersigned counsel, responds to Plaintiff's Objections to Recommendations of Magistrate Judge, and requests that the Court adopt the recommendations of the Magistrate Judge and dismiss the named Defendant, the IRS.

**INTRODUCTION**

William S. McLaurine, II ("Taxpayer") filed a Motion for Emergency Injunctive Relief on January 16, 2007, asking this Court to order the Service to: (1) "STAY and/or Stop all actions associated with collection(s) and/or levy(s) actions and/or notice(s) of levy actionas [sic] that are directed at the Plaintiff, or the property or funds of the Plaintiff, or at any employer of the Plaintiff with regard to the Plaintiff . . . .", and (2) serve certain information regarding tax assessments and levies against the Taxpayer to Taxpayer, such as "A legible list of Names and copy(s) of the required signatures of all supervisors of levy actions." Taxpayer's Complaint,

¶¶ IV.[4] & [5].  Although Taxpayer labels this initial filing a motion, it appears in substance to be a complaint seeking injunctive relief, and the Court has docketed Taxpayer's filing as a Complaint.

In Taxpayer's "Reply to Motion to [sic] Defendant Mid South Restaurant, Inc.'s Motion to Dismiss," Taxpayer asserts: "The authority to exert a levy on wages only exists for the categories of persons describe [sic] in U.S.C. 26 §6331(a) [sic].  The text reads 'Levy may be made upon the accrued salary of...' followed by list [sic] of categories of government employees and officers."  Docket Entry 20, p. 2.

The IRS filed a motion to dismiss on March 30, 2007.  Docket Entry 24.  The Recommendation of the Magistrate Judge was filed on April 23, 2007, recommending, in pertinent part, that the IRS be dismissed from this action, that Taxpayer's claims for injunctive relief be dismissed for lack of jurisdiction, and that Taxpayer's motion for shift of burden of proof be denied.  Docket Entry 28.

The recommendations of the Magistrate Judge should be adopted by the District Judge for the following reasons:  Taxpayer's blanket objection to the Magistrate Judge's recommendation to dismiss the IRS lacks any reason to reject the Magistrate Judge's recommendation; Taxpayer's request for injunctive relief against the IRS is barred by the Anti-Injunction Act; and because the Court does not have jurisdiction over this action, it can not grant Taxpayer's motion to shift the burden of proof to the IRS.

## ARGUMENT

**1.**     Taxpayer first objects to the Magistrate Judge's recommendation that "(1) defendants' motion to dismiss (Docs. # 15, 24) be GRANTED." Docket Entry 28. Taxpayer simply states that "[t]he Plaintiff objects to the dismissal and requests that if a dismissal is granted, it does not prejudice the Plaintiff's ability to file suit for refund after the tax is paid." Docket Entry 30, ¶ 1. Taxpayer's blanket objection to the Magistrate Judge's recommendation lacks any reason to reject the Magistrate Judge's recommendation. Moreover, Taxpayer's request for a Court declaration that any dismissal will not prejudice Taxpayer's ability to file a refund suit after the tax is paid is not before the Court, is not ripe, and is precluded by the Declaratory Judgment Act. 28 U.S.C. § 2201(a) authorizes federal courts to issue declaratory judgments "except with respect to federal taxes." Therefore, the Magistrate Judge's recommendation that the IRS' motion to dismiss be granted should be adopted by the District Court.

**2**.     Taxpayer next objects to the Magistrate Judge's recommendation that "(2) plaintiff's claims for injunctive relief against Defendant Mid South and against the United States be dismissed for lack of jurisdiction." Docket Entry 28. Taxpayer's request for injunctive relief against the IRS, an agency of the United States, is barred by the Anti-Injunction Act.

Taxpayer's Complaint, as the title Motion for Emergency Injunctive Relief indicates, requests injunctive relief against the IRS, but this Court is without jurisdiction to issue such relief. The Anti-Injunction Act precludes this Court from exercising jurisdiction over any action, such as the instant one, which seeks to enjoin the collection of taxes. 26 U.S.C. § 7421(a). Section 7421(a) of the Internal Revenue Code provides as follows:

> TAX–Except as provided in sections 6015(c), 6212(a) and (c), 6213(a), 6225(b), 6246(b), 6330(e)(1), 6331(i), 6672(c), 6694(c), and 7426(a) and (b)(1), 7429(b),

and 7436, no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed.

The purpose of § 7421 is to protect the expeditious collection of revenue and minimize pre-collection judicial intervention with that process. South Carolina v. Regan, 465 U.S. 367, 376 (1984); Matter of LaSalle Rolling Mills, Inc., 832 F.2d 390, 392-93 (7th Cir. 1987).

Taxpayer attempts to cite 26 U.S.C. § 6331 as an exception to the Anti-Injunction Act. However, within 26 U.S.C. § 6331, only § 6331(i) is an exception to the Anti-Injunction Act. 26 U.S.C. § 7421(a). Section 6331(i) relates only to employment taxes, which are not at issue in this action, and therefore § 6331(i) is plainly not applicable in this action.

Therefore, Taxpayer has not cited any statutory or judicial exception to the Anti-Injunction Act that applies in these circumstances, and, as discussed above, no such exception applies in these circumstances.[1]

Therefore, the Magistrate Judge's recommendation that "(2) plaintiff's claims for injunctive relief against the United States be dismissed for lack of jurisdiction" should be adopted by the District Judge.

3. Taxpayer objects to the Magistrate Judge's recommendation that "The Plaintiff's Motion for Shift of Burden of proof (Doc. #22) be DENIED." Docket Entry 28. Because the Court does not have jurisdiction over this action, it clearly cannot grant Taxpayer's motion. Moreover, Taxpayer states that "The Plaintiff would like to reserve the ability to refile this Motion when and if Jurisdiction is obtained. (such as after the payment of any tax has been made and a refund

---

[1] Taxpayer asserts that "U.S.C. 7333 provides the necessary waiver of Sovereign Immunity." The IRS is unable to identify a waiver of sovereign immunity in the United States Code ending with Section 7333. Moreover, even if a statute waived sovereign immunity, the Anti-Injunction Act would still bar Taxpayer from obtaining the relief he is requesting.

4

suit may be initiated)." Docket Entry 30, ¶ 4. This matter is not before the Court and is not ripe, and this Court should therefore not rule on Taxpayer's misguided request.

## CONCLUSION

For the reasons discussed above, the District Judge should adopt the recommendations of the Magistrate Judge and dismiss the named Defendant, the IRS.

Respectfully submitted,

LEURA GARRETT CANARY
United States Attorney


 /s/ James T. Lyons
JAMES T. LYONS
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 14198
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 514-5880
Facsimile: (202) 514-9868
Email: james.t.lyons@usdoj.gov

## CERTIFICATE OF SERVICE

**IT IS HEREBY CERTIFIED** that service of the foregoing Motion to Dismiss with Incorporated Memorandum of Law has been made this 21st day of May 2007, by depositing true and correct copies thereof, postage prepaid, in the United States mail addressed to the following:

James L. Hughes
3400 Peachtree Road, Suite 400
Atlanta, Georgia 30326

William S. McLaurine, II
222 Tichenor Avenue #4
Auburn, Alabama 36830

                                                /s/ James T. Lyons
                                                JAMES T. LYONS